COMMONWEALTH *vs.* VINCENT J. PAPA, JR. January 26, 1984. *Firearms. Homicide. Wanton or Reckless Conduct.*

1. The defendant was not entitled to a required finding of not guilty on the indictment charging a violation of G. L. c. 269, § 10 (*a*), on the ground that the prosecution failed to prove that the defendant knew the gun he carried was a working firearm. To establish the offense, the Commonwealth must prove that the defendant knew he was carrying a firearm, *Commonwealth* v. *Jackson,* 369 Mass. 904, 916 (1976), and must also prove that the firearm met the requirements of G. L. c. 140, § 121, as appearing in St. 1973, c. 892, § 1, including that it be a "pistol, revolver or other weapon . . . from which a shot or bullet can be discharged."

Where, as here, a conventional firearm with its obvious dangers is involved, the Commonwealth need not prove that a defendant knows the

exact capabilities or characteristics of the gun which make it subject to regulation. See *Commonwealth* v. *Sampson,* 383 Mass. 750, 762-763 & n.16 (1981). Cf. *Commonwealth* v. *Bacon,* 374 Mass. 358, 361 (1978). *Commonwealth* v. *Seay,* 376 Mass. 735, 737 (1978), is not to the contrary. As pointed out in *Commonwealth* v. *Jackson,* 369 Mass. at 917, quoting from *United States* v. *Freed,* 401 U.S. 601, 609 (1971), the statute "is a regulatory measure in the interest of the public safety, which may well be premised on the theory that one would hardly be surprised to learn that [carrying a gun] is not an innocent act." We note that the words of the statute specify that the offense is established whether the gun is "loaded or unloaded." While the Commonwealth must show that the weapon is a firearm within the meaning of G. L. c. 140, § 121, it need not also prove knowledge of that fact by the defendant, where the latter knows he is carrying a conventional firearm.

2.  The defendant was also not entitled to a required finding of not guilty on the manslaughter indictment. There was evidence that, before the shooting, the victim's nephew warned the defendant that the gun would eventually fire, and showed him that the firing pin was beginning to leave markings. The nephew testified that he removed the bullets from the gun and hid them, but that the defendant insisted on having the bullets returned. In these circumstances, the jury could have found beyond a reasonable doubt that the defendant's reloading the weapon, pointing it at the victim and twice pulling the trigger constituted "such a disregard of probable harmful consequences to another as to amount to [involuntary manslaughter by reason of] wanton or reckless conduct." *Commonwealth* v. *Vanderpool,* 367 Mass. 743, 747 (1975). Contrast *Commonwealth* v. *Bouvier,* 316 Mass. 489, 492-496 (1944) (no evidence that the defendant knew the gun was loaded or that she purposely pulled the trigger).

The fact that the defendant did not recognize the gravity of the danger (he had pointed the gun to his own head and had pulled the trigger) does not preclude a finding that his conduct was wanton or reckless. Such a finding is warranted if an ordinary person under the same circumstances would have realized the grave danger. *Commonwealth* v. *Welansky,* 316 Mass. 383, 398-399 (1944). *Commonwealth* v. *Michaud,* 389 Mass. 491, 496 (1983).

*Judgments affirmed.*

*Michael S. Gallagher* for the defendant.

*Daniel C. Mullane,* Assistant District Attorney, for the Commonwealth.