COMMONWEALTH *vs.* ALBERT LOMBARDO, JR. March 23, 1987. *Practice, Criminal,* Plea, Indictment. *Infernal Machine.*

A Bristol County grand jury returned nine indictments against the defendant alleging unlawful possession of various items, including heroin and marihuana, drug paraphernalia, a firearm, ammunition, stolen property, and an "infernal machine." The charges resulted from a search with a warrant of the defendant's residence in Seekonk by the Seekonk police. The defendant pleaded guilty to all of the charges. He received a sentence to M.C.I., Cedar Junction, on the indictment charging possession of an "infernal machine." With the defendant's consent, the remaining charges were placed on file. Almost a year later, the defendant filed a motion pro se to have the indictments dismissed and for a new trial. The motion was later amended to include a request that the defendant be allowed to withdraw his guilty pleas. After a hearing before the same judge who had presided over the plea hearing, the motion was denied. On appeal, the defendant's contentions of error are limited to the indictment charging possession of an "infernal machine" under G. L. c. 266, § 102A, as amended by St. 1970, c. 422.

1. *The voluntariness of the plea.* Relying on *Henderson* v. *Morgan,* 426 U.S. 637 (1976), the defendant contends that his plea to the charge of possession of an "infernal machine" was not voluntary in a constitutional sense because he did not know the essential elements of the offense; specifically, he claims that the statute requires allegation and proof of intent or knowledge as an essential element of the offense. The defendant points out, correctly, that the judge did not explain to him the elements of the offense during the plea colloquy, and that his attorney made no representation during the colloquy that he had done so. Nevertheless, we conclude, based on the totality of circumstances, that the judge did not err in ruling, implicitly, when he denied the defendant the right to withdraw the guilty plea, that the plea was voluntary and intelligent in a constitutional sense.

At the time of the plea, the defendant was forty years of age and familiar with the criminal justice system. There was no indication that he was of low intelligence or that he suffered from any disability. Compare *Henderson* v. *Morgan,* 426 U.S. at 641-642 & n.9; *Commonwealth* v. *Colantoni,* 396 Mass. 672 (1986). Significantly, the defendant told the judge that he had read the statutes under which he was charged. Moreover, the defendant admitted facts sufficient to constitute any unexplained elements of the offense. See *Commonwealth* v. *McGuirk,* 376 Mass. 338, 343-344, 347 (1978), cert. denied, 439 U.S. 1120 (1979). A police officer described the device found in the defendant's bedroom, along with other incriminating evidence, as a "Kool" cigarette package containing an explosive device which was reported by the State police, after analysis, to be a bomb. The defendant responded affirmatively when asked if the officer's testimony was true.

General Laws c. 266, § 102A, as amended by St. 1970, c. 422, provides:

> "Whoever, other than a police or other law enforcement officer acting in the discharge of his official duties, has in his possession or under his control an infernal machine or a similar instrument, contrivance or device shall be punished . . . . The term 'infernal machine', as used in this section, shall include any device for endangering life or doing unusual damage to property, or both, by fire or explosion, whether or not contrived to ignite or explode automatically and whether or not disguised so as to appear harmless." [1]

There is no express requirement in the statute of an intent to use the device for an illicit purpose. Only two Massachusetts cases have interpreted the statutory language. In *Commonwealth* v. *Kennedy*, 360 Mass. 859 (1971), there was evidence that the defendant possessed a "pyrotechnical bomb shell" which he knew to be "a bomb." It was held that the jury were properly instructed that, if they believed that the device was capable of causing extensive property damage and personal injury, they should find it to be an "infernal machine." *Commonwealth* v. *Bushway*, 7 Mass. App. Ct. 715 (1979), involved possession of objects dissimilar to the one in *Kennedy*. The objects in *Bushway* were lightweight plastic bags, tied, and partially filled with gasoline. On appeal from his conviction, Bushway contended that the evidence at trial was insufficient to overcome his motion for a directed verdict. He claimed that the objects in question were insufficiently intricate to constitute "devices," and that his intent in possessing them was innocent. This court ruled that the evidence was sufficient to establish their capability of causing extensive property damage and personal injury but added that "such a device does not necessarily constitute an infernal machine unless it is to be used for an unlawful purpose and by an unlawful means as provided in G. L. c. 266, § 102A." *Commonwealth* v. *Bushway*, 7 Mass. App. Ct. at 718.

Insofar as this court may have suggested that an unlawful purpose on the part of the person in possession of the device is an element of the statutory offense, the addition of that element was limited to contrivances such as those involved in *Bushway*, which are of such a nature and construction that they may reasonably be put to benign use. The contrivance in the present case is similar to the one involved in *Kennedy*, an explosive bomb, and not to the one involved in *Bushway*. The cigarette package, filled with explosive gunpowder[2], and disguised to appear harmless, could not reasonably be regarded as having any innocent use. Although it was not his burden to prove a possible innocent use, no such claim was made by the defendant,

---

[1] Section 35 of G. L. c. 148, the chapter dealing with fire prevention, also prohibits possession of a "bomb or other high explosive" and provides for a lesser penalty than that provided for in G. L. c. 266, § 102A.

[2] According to testimony before the grand jury, it also contained wadding and had a fuse attached.

who admitted possessing the device. While the inference was strong that the defendant had a purpose of using the device in question unlawfully, the Commonwealth did not have the burden of proving that purpose as a separate element of the offense.

2. *Sufficiency of the evidence before the grand jury.* Relying on *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982), the defendant contends that the evidence presented to the grand jury was insufficient to establish probable cause to believe that he committed the offense charged. The police officer who testified described the device in detail and said it appeared to be a bomb. Because we think the evidence before the grand jury was sufficient to overcome a motion to dimiss the indictment, see *Commonwealth* v. *Francil*, 15 Mass. App. Ct. 35, 36-37 (1982), we need not decide whether the defendant is precluded by his guilty plea from making this claim. See *Tollett* v. *Henderson*, 411 U.S. 258, 267 (1973). Compare *Blackledge* v. *Perry*, 417 U.S. 21, 29-31 (1974); *Commonwealth* v. *Clark*, 379 Mass. 623, 625-626 (1980).

3. *Sufficiency of the indictment.* We also need not decide whether the defendant's guilty plea precludes him from raising on appeal an alleged defect in the indictment, because the words in the indictment provided sufficient notice of the charges. It is usually sufficient if an indictment tracks the language of a statute. The term "infernal machine" was used in its legal sense and encompassed the statutory definition. Even if a purpose to use the device unlawfully were an element of the offense, but see discussion, *supra*, that would not necessarily have required inclusion of a reference to that requirement in the indictment. Cf. *Commonwealth* v. *Bacon*, 374 Mass. 358 (1978); *Commonwealth* v. *Donoghue, ante* 103, 109-110 (1986). Contrast *Commonwealth* v. *Palladino*, 358 Mass. 28 (1970); *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194 (1979).

The order denying the defendant's motion to withdraw his guilty plea, to dismiss the indictment, or for a new trial is affirmed.

*So ordered.*

*Paul Germanotta* for the defendant.

*T. Gregory Motta*, Assistant District Attorney (*Dana A. Curhan*, Assistant District Attorney, with him) for the Commonwealth.