## Commonwealth *vs.* Gregory W. Carter.

Plymouth. October 4, 2004. - November 19, 2004.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Infernal Machine.*

This court reversed a criminal defendant's conviction of possession of an infernal machine in violation of G. L. c. 266, § 102A, where the defendant was found with a C-4 plastic explosive and blasting caps, separately stored, and those unassembled elements were not in themselves infernal machines capable of inflicting unusual damage and did not constitute a device for purposes of the statute. [824-825]

Indictment found and returned in the Superior Court Department on March 3, 2000.

The case was tried before *Nonnie S. Burnes*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Gail M. McKenna*, Assistant District Attorney, for the Commonwealth.

*Jane Larmon White*, Committee for Public Counsel Services, for the defendant.

Ireland, J. A Superior Court jury convicted the defendant, Gregory W. Carter, of possession of an infernal machine (G. L. c. 266, § 102A) and unlawfully cultivating marijuana (G. L. c. 94C, § 32C). The defendant appeals only from his conviction of possession of an infernal machine, claiming that the trial judge erred in denying his motion for a required finding of not guilty because the Commonwealth failed to show that he possessed a constructed infernal machine.[1] The Appeals Court

---

[1]The defendant also claims that the judge erred in allowing the Commonwealth to play a videotaped explosion for the jury and in telling the jury that certain evidence was unavailable to them because she had ruled it inadmissible. Because of our conclusion, we need not address these other issues.

reversed the conviction. *Commonwealth* v. *Carter*, 61 Mass. App. Ct. 205, 215 (2004). We granted the Commonwealth's application for further appellate review. Because we agree with the Appeals Court and conclude that merely possessing the components that could be used to construct an infernal machine is not enough to convict one of possession of an infernal machine, we reverse.

*Facts and Procedural Background.*

We summarize the relevant facts. On October 15, 1999, pursuant to a search warrant, police searched the defendant's home and seized a brick-shaped object, confirmed to be C-4 plastic explosive, and a container holding ten percussion blasting caps. The police found the items in a drawer of a metal cabinet. The C-4 was inside a nylon bag, and the blasting caps were inside a plastic case. The plastic case containing the blasting caps was not inside the nylon bag, but was located toward the back of the drawer, which contained tools and other items.

After the close of the Commonwealth's case, the defendant moved for a required finding of not guilty of possession of an infernal machine; the judge denied the motion. The defendant did not renew the motion at the close of all the evidence, but filed a timely notice of appeal. He claims that the judge erred in denying the motion for a required finding of not guilty because the Commonwealth's proof failed to establish that he possessed an infernal machine within the meaning of G. L. c. 266, § 102A.[2]

*Discussion.*

1. *Standard of review.* In reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence, together with permissible inferences from that evidence, in the light most favorable to the Commonwealth and 'determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (emphasis supplied). *Commonwealth* v. *Platt*, 440 Mass. 396, 400 (2003), quoting *Commonwealth* v. *Cordle*, 412 Mass. 172, 175 (1992), and cases cited.

---

[2]It is worth noting that the Commonwealth could have charged the defendant with unauthorized possession of explosives pursuant to G. L. c. 148, § 35, but did not do so.

2. *Sufficiency of the evidence.* To support a conviction of possession of an infernal machine, the Commonwealth must present legally sufficient evidence for a reasonable fact finder to conclude that the defendant possessed "any device for endangering life or doing unusual damage to property, or both, by fire or explosion." G. L. c. 266, § 102A.

Here, the Commonwealth produced evidence that the defendant possessed both C-4 and blasting caps; however, the evidence shows that there was no assembly of the materials, but rather that they were stored separately. Massachusetts case law makes clear that a device "must be something which is made. It cannot be simply one element. It must consist of more than one part in order to be a device, instrument or machine or contrivance." *Commonwealth* v. *Bushway*, 7 Mass. App. Ct. 715, 718 (1979) (plastic trash bag filled with gasoline and tied with a knot is an infernal machine). See *Commonwealth* v. *Lombardo*, 23 Mass. App. Ct. 1006 (1987) (cigarette package filled with explosive gun powder is an infernal machine). By itself, the C-4 is not an infernal machine that could endanger life or do unusual damage to property, as required by G. L. c. 266, § 102A, because it is only one item and is not capable of detonating without a blasting cap. Additionally, the blasting caps, while highly sensitive, are also not in themselves infernal machines because they are not capable of inflicting "unusual" damage as they cannot create significant explosions on their own. In this case, to be an infernal machine, the C-4 and blasting cap would have had to be combined, not stored separately. Moreover, unlike two Federal statutes defining a "destructive device," G. L. c. 266, § 102A, does not provide for punishment of a person possessing items that could be assembled into an infernal machine.[3]

---

[3]Title 18 U.S.C. § 921(4) (2000) defines a "destructive device" as:

"(A) any explosive, incendiary, or poison gas — (i) bomb, (ii) grenade, (iii) rocket having a propellant charge of more than four ounces, (iv) missile having an explosive or incendiary charge of more than one-quarter ounce, (v) mine, or (vi) device similar to any of the devices described in the preceding clauses; [and] (C) *any combination of parts* either designed or intended for use in converting any device described in subparagraph (A) . . . and *from which a destructive device may be*

*Conclusion.*

We conclude that until assembled, the C-4 and the blasting caps do not constitute a device and therefore the Commonwealth failed to prove an essential element of the case, that the item was an infernal machine. Accordingly, the judgment is reversed, the verdict is set aside, and the case is remanded to the Superior Court for the entry of judgment for the defendant on indictment no. 103121.

*So ordered.*

---

*readily assembled*" (emphasis supplied). See 26 U.S.C. § 5845(f) (2000) (similarly defining "destructive device").