COMMONWEALTH *vs.* JOSEPH N. PALLADINO.

Suffolk.    April 10, 1970. — June 25, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Obscenity.  Pleading, Criminal,* Indictment or complaint.  *Constitutional Law,* Freedom of speech and press.

An indictment phrased solely in the language of a statute but not stating all the elements of the crime does not meet the descriptive requirements of G. L. c. 277, § 17. [30]

A complaint under G. L. c. 272, § 28A, as appearing in St. 1959, c. 492, § 2, following the words thereof but failing to allege scienter, an essential element not set forth in § 28A, was defective and could not support a conviction, although that element was of judicial origin. [31–32]

The protection of the First Amendment of the Federal Constitution extended to publications and films which, although depicting male and female nudity in sexually provocative poses, did not portray actual sexual congress or other activities commonly known as hard core pornography. [32]

SIX COMPLAINTS received and sworn to in the Municipal Court of the City of Boston on October 15, 1968, or on February 7, 1969.

Upon appeals to the Superior Court the cases were heard by *Spring*, J.

*Herald P. Fahringer* of New York (*John A. Pino* with him) for the defendant.

*Alvan Brody* for the Commonwealth.

SPALDING, J.   The defendant was tried on six complaints charging violations of G. L. c. 272, § 28A (as appearing in St. 1959, c. 492, § 2),[1] for the sale, and possession with intent to sell, of certain magazines and a film alleged to be obscene.

---

[1] "Whoever . . . sells or distributes a pamphlet . . . printed paper, . . . or other thing which is obscene, indecent or impure, or an obscene, indecent or impure print, picture, figure, image or description . . . or has in his possession any such pamphlet . . . printed paper . . . obscene, indecent or impure print, picture, figure, image or other thing, for the purpose of sale, exhibition, loan or circulation . . . ."

The cases were heard by a judge who found the defendant guilty on all complaints and sentences were imposed. The cases come here on exceptions.

There was evidence of the following. The defendant owned and operated the 200 Book Club, Inc. on Washington Street in Boston. A police officer on October 14, 1968, purchased the magazines "Les," and "Exciting," and on February 5, 1969, purchased a film entitled "Wild Man and Bride." Subsequently, other reels of the film were seized pursuant to a search warrant. The complaints under consideration arise out of these purchases and seizures.

The materials in question contain for the most part photographs of semi-nude women, posed with their breasts and genitalia exposed, often in positions that could be considered sexually provocative. "Exciting" contains only photos of women. "Les" has some women posing together, sometimes touching or caressing each other. The film "Wild Man and Bride" portrays a nude man and woman cavorting on a bed kissing and caressing. None of the materials except possibly the films depicts sexual congress or copulation in any form.

The defendant excepted to the judge's denial of motions to dismiss and his requests for rulings of law. He argues that § 28A is unconstitutional; that the complaints were defective; that the materials in question were not obscene; and that the evidence did not warrant convictions.

At the outset we are confronted with the complaints, two of which charged that the defendant "did sell a certain . . . magazine which was . . . obscene, indecent, and impure," and four of which charged that he "did have in his possession a certain obscene, indecent, or impure . . . [film and magazine] for the purpose of sale." None of the complaints alleged that the defendant knew the obscene nature of the publications he is alleged to have possessed or sold. In *Demetropolos* v. *Commonwealth*, 342 Mass. 658, we construed § 28A to include the element of a defendant's knowledge of the obscene nature of the materials involved in order to preserve it from the constitutional infirmities which invalidated

a similar statute in *Smith* v. *California,* 361 U. S. 147. In *Commonwealth* v. *Corey,* 351 Mass. 331, we reversed a conviction under § 28 (sale of obscene literature to children under eighteen) because scienter on the part of the defendant had not been proved.

The defendant contends that the failure to aver scienter in the complaints is fatal to prosecution for violations of § 28A,[1] despite the fact that the complaints were phrased in the words of the statute. General Laws c. 277, § 17, requires that "[a]n indictment[2] shall contain . . . [a] plain and concise description of the *act* which constitutes the crime, or the appropriate legal term descriptive of such act, without a detailed description thereof. The words used in a statute to *define* a crime . . . may be used" (emphasis supplied). When the statutory language does not include all the elements of the crime, it neither describes the act which constitutes the crime, nor defines the crime. The definition of the crime and description of the act constituting it consist of the statutory words together with judicial interpretation placed on them. In such a case an indictment phrased solely in the language of the statute does not meet the requirements of § 17. Nor can it be said that the language of § 28A alone is the "appropriate legal term descriptive of such act." General Laws c. 277, § 79, annexes forms for indictments and complaints which "shall be sufficient in cases to which they are applicable." No forms, however, are annexed for offences under § 28A. In fact, in at least two instances where the defendant's knowledge is an element of the crime, the prescribed forms do include "knowingly." See forms for possession of burglarious tools and receipt of stolen goods contained in § 79.

Numerous cases and authorities recognize the rule that a full and unambiguous statement of all the elements necessary to constitute the offence intended to be punished is

---

[1] This point was raised by the defendant's fifth request for ruling, which was denied subject to his exception.

[2] While this provision speaks of "an indictment" it has been treated as applying equally to a complaint. *Commonwealth* v. *Massad,* 242 Mass. 532.

indispensable to a criminal accusation. Thus it has been said that it is sufficient to charge an offence in the words of the statute but only if the statute "fully, directly and expressly, without any uncertainty or ambiguity set[s] forth all the elements necessary to constitute the offence intended to be punished." *United States* v. *Carll,* 105 U. S. 611, 612. *Evans* v. *United States,* 153 U. S. 584, 587. *United States* v. *Seeger,* 303 F. 2d 478, 482 (2d Cir.), and cases cited. Cf. G. L. c. 277, §§ 20, 21. In *Commonwealth* v. *Bracy,* 313 Mass. 121, 124, we said, "If an indictment fails to allege any fact necessary to constitute an offence, even statutory, it is defective." Where knowledge is an essential ingredient of the offence charged, the defendant's knowledge must be specifically alleged. Anderson, Wharton's Criminal Law & Procedure, § 1774.

In most cases an indictment repeating the words of the statute would include all the elements of the crime intended to be punished, and thus be sufficient. Where judicial construction of a statute, however, has added an element not included in the statutory language (such as scienter) to save its constitutionality, an indictment worded solely in the statutory language charges no crime, for an essential ingredient of the offence is missing. "No court has jurisdiction to sentence a defendant for that which is not a crime." *Commonwealth* v. *Andler,* 247 Mass. 580, 582. *Commonwealth* v. *Bracy,* 313 Mass. 121, 126. A conviction on an indictment that charges no crime would be sheer denial of due process. See *Thompson* v. *Louisville,* 362 U. S. 199, 206. Furthermore, an indictment that fails to aver an element of the crime may hamper a defendant in making his defence. Several courts recently have held that the failure to allege scienter in indictments under obscenity statutes, where scienter by judicial construction was made an element of the offence, prevented convictions under those statutes. *Cohen* v. *State,* 125 So. 2d 560 (Fla.). *State* v. *Oman,* 265 Minn. 277. *People* v. *Douglas,* 12 App. Div. 2d (N. Y.) 194.

Similarly, we are of opinion that a defendant cannot be

tried or convicted on a complaint that omits an element of the crime intended to be punished, notwithstanding the judicial origin of that element. Since knowledge of the nature of the material is an element of an offence under § 28A, failure to allege such knowledge in the complaint is fatal.

While the insufficiency of the complaints is dispositive of the case, we think it appropriate to point out that the recent decisions of the Supreme Court in *Redrup* v. *New York,* 386 U. S. 767, *Central Magazine Sales, Ltd.* v. *United States,* 389 U. S. 50, *Schackman* v. *California,* 388 U. S. 454, and *Bloss* v. *Dykema,* 398 U. S. 278 (see *Hunt* v. *Keriakos,* 428 F. 2d 606 [1st Cir.]) extend the protection of the First Amendment to publications and films which, although depicting male and female nudity in sexually provocative poses, do not portray actual sexual congress or other activities commonly known as hard core pornography. See Stewart, J., dissenting in *Ginzburg* v. *United States,* 383 U. S. 463, 499. We might add that we are entirely in accord with the views stated by Mr. Justice Harlan in his dissent in the *Bloss* case, *supra,* in which he was of opinion that proscribing material of the sort here involved was "the permissible exercise of state power."

*Exceptions sustained.*