COMMONWEALTH *vs.* PAUL B. BACON.

Suffolk. December 7, 1977. — February 14, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Firearms. Pleading, Criminal,* Indictment or complaint.

It is not necessary that an indictment or complaint charging a violation of G. L. c. 269, § 10 (*a*), allege scienter; indictments describing firearms and alleging that they were unlawfully carried or possessed by the defendant, "not having permission" under c. 140, §§ 131 or 131F, and asserting the time and place of the offenses, gave him sufficient notice of the charges. [359-361]

INDICTMENTS found and returned in the Superior Court on May 12, 1977.

The cases were heard by *Dwyer,* J., on a motion to dismiss, and a question of law was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct appellate review.

*Robert W. Snyder* for the defendant.

*Robert Ziemian,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.    This case raises the issue whether scienter must be alleged in complaints or indictments charg-

ing unlawful possession of firearms by persons not licensed therefor. Two indictments were returned against the defendant. One charged that he "not having permission under Sections 131 or 131-F" of G. L. c. 140, "did unlawfully carry on his person a certain firearm, to wit: a handgun, from which a bullet could be discharged, the length of the barrel of said firearm being less than sixteen inches." The other indictment charged that the defendant "not having permission under" G. L. c. 140, § 131, "did unlawfully possess a shotgun with a barrel less than eighteen inches in length." [1] The indictments state March 12, 1977, as the date of the offenses.

The defendant filed a motion to dismiss the indictments, and a judge of the Superior Court reported the matter without decision, under the provisions of G. L. c. 278, § 30A, addressing to this court the question: "Must an indictment or complaint charging a violation of G. L. c. 269, § 10 (a) specifically allege scienter, or is it sufficient that scienter be proved at trial?" [2]

We conclude that it is not necessary that scienter (knowing possession) be alleged, and therefore the motion to dismiss the indictments must be denied. In upholding the constitutionality of the mandatory sentencing provisions of G. L. c. 269, § 10, we have interpreted the statute as requiring, as a necessary element of the offense, proof that the accused knew that he possessed the firearm. *Commonwealth* v. *Albano*, 373 Mass. 132, 133-134 (1977). *Commonwealth* v. *Jackson*, 369 Mass. 904, 916 (1976). In those cases we established no requirement that knowledge be alleged in

---

[1] We glean from the briefs of the parties that the Commonwealth seeks to prove that the defendant possessed one of these guns on his person, and the other in an automobile.

[2] The indictments here are based on G. L. c. 269, § 10 (*a*). A summary of that statute, in so far as it is material to this case, is that it provides punishment, including a mandatory minimum prison sentence, for one who, without an appropriate license, carries a handgun, rifle or shotgun on his person, or under his control in a vehicle.

a complaint or indictment, nor do we establish such a requirement now.

The wording of the statute, together with our interpretation in the *Albano* and *Jackson* cases, gave the defendant and all persons in like situations sufficient notice of the nature of the crime. Thus, it is significant that the indictments in this case tracked the statute. The indictments, in addition to their assertions as to time and place of the offenses, described the firearms and alleged the unlawfulness of the conduct. This was sufficient notice to the defendant of the charges against him. It precluded double jeopardy occurring by reason of vagueness in the allegations. No specific form of indictment for violations of G. L. c. 269, § 10, is mandated in the gun statute itself, or elsewhere in the General Laws.

The defendant particularly relies in argument on *Commonwealth* v. *Palladino*, 358 Mass. 28 (1970). There, this court held that an allegation of knowledge was necessary to the validity of complaints for possession of obscene magazines and of an obscene film with intent to sell them. In some respects, *Palladino* parallels the instant case. Prior to *Palladino* this court had interpreted the obscenity statute as requiring proof that the accused knew he possessed obscene material. See *Commonwealth* v. *Corey*, 351 Mass. 331, 334 (1966); *Demetropolos* v. *Commonwealth*, 342 Mass. 658, 661 (1961). We, of course, reached similar conclusions in *Jackson*, as to possession of firearms. In *Palladino* we said, in substance, that the complaints were defective in that they were issued subsequent to our holding requiring proof of knowledge, and yet failed to allege knowing possession.

*Palladino* is distinguishable from the instant case, and is not controlling here, because of the nature of the property which has been declared contraband by the respective statutes. In requiring an allegation of scienter in an obscenity case, there is logic which is not applicable in a gun possession case. Thus, it is not enough that a bookseller know that an item is on the shelf; it must be proved that he knew it to be obscene. G. L. c. 272, § 29. See *Commonwealth* v.

*Thureson,* 371 Mass. 387 (1976);[3] *Smith* v. *California,* 361 U.S. 147, 154-155 (1959). On the other hand, the characteristics of a gun are obvious. Therefore, in gun cases, all an accused need know is that he is carrying a gun. We think that *Palladino* established that fairness requires that a complaint asserting unlawful possession of obscene matter must allege scienter, because an obscenity conviction requires knowledge of a more specific kind.

The defendant argues that there is generality in the language of *Palladino* which either renders the holding applicable to all cases of unlawful possession of contraband property, or at least extends it to all cases wherein this court has interpreted the statute as implying a requirement of scienter. Assuming, for purposes of discussion, that there is such generality in the language of *Palladino,* we decline to follow it in this case as urged by the defendant. We recognize no general rule that knowledge must be alleged in all complaints and indictments as to crimes in which knowledge is a necessary element to be proved.

Our answer to the reported question is that indictments or complaints charging violations of G. L. c. 269, § 10 (*a*), need not allege scienter. It is sufficient that scienter be proved at the trial.

The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[3] In *Thureson,* at 389-390, we observed that the required knowledge is as to the nature of the contents, and not that the matter was "legally obscene."