### COMMONWEALTH *vs.* PAUL D. BURNS.

Suffolk.    April 5, 1979. — August 1, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Pleading, Criminal,* Complaint. *Attempt.*

A complaint charging the defendant with attempted larceny of a motor vehicle, which stated merely that the defendant "did attempt to steal an automobile ... but did fail in the perpetration of said attempted offence," was defective in that it did not allege the commission of any overt act. [195-197]

A defendant's failure to request a bill of particulars did not preclude him from challenging the sufficiency of a complaint which failed to allege an element of the crime charged necessary to sustain a conviction. [197-198]

COMPLAINT received and sworn to in the Municipal Court of the Charlestown District on October 11, 1977.

Upon appeal to the Superior Court, the case was tried before *Silverman,* J., a District Court judge sitting under statutory authority.

*Hugh W. Samson* for the defendant.

*Leonard A. Lucas,* Legal Assistant to the District Attorney (*Brian J. Dobie,* Assistant District Attorney, with him) for the Commonwealth.

BROWN, J. The defendant appeals from a conviction on a complaint charging attempted larceny of a motor vehicle. He contends that the complaint charging him with the crime was fatally defective and that the evidence

presented at trial was insufficient to support his conviction.

On October 7, 1978, Christina R. Fox parked her 1975 Ford LTD automobile in front of her home in Everett at about 12:00 P.M. The next morning she discovered that the automobile was missing from that location and she reported this to the Everett police. At about 8:00 P.M. of that same day two Boston police officers observed the defendant and another male in a 1975 Ford LTD which was parked on Summer Street in the Charlestown district of Boston. As the officers drove up to the vehicle the two men attempted to duck down. The officers removed them from the automobile and then noticed that the automobile's ignition switch had been "popped." They also found a tool box and jumper cables in the vehicle. The defendant and his companion were then placed under arrest for attempted larceny of a motor vehicle. Fox later identified the automobile as the one taken from in front of her home, but she testified that the tool box and jumper cables did not belong to her.

The complaint charging the defendant with attempted larceny stated, in pertinent part, that the defendant Paul D. Burns, "did attempt to steal an automobile, to wit: a 1975 Ford L.T.D. of the property of Christina R. Fox, 18 Dunster Road, Everett, Massachusetts, but did fail in the perpetration of said attempted offence." The defendant argues that the failure of the complaint to allege the commission of any overt act by him renders the complaint fatally defective. We agree.

A complaint must inform a defendant of the crime with which he is being charged and must provide him with information sufficient to enable him to prepare a defense. *Commonwealth* v. *Gill*, 5 Mass. App. Ct. 337, 338-339 (1977). To do so the complaint must include an allegation of every element and fact that is essential for a conviction. "If an indictment fails to allege any fact necessary to constitute an offense, even statutory, it is defective." *Commonwealth* v. *Bracy,* 313 Mass. 121, 124 (1943). See

*Commonwealth* v. *Palladino,* 358 Mass. 28, 30-31 (1970) ("full and unambiguous statement of all the elements necessary to constitute the offense . . . is indispensable"). An indictment which fails to contain an allegation of a fact or element which is an essential ingredient of the offense charges no crime. *Id.* at 31. Where an indictment has failed to charge a crime because it lacks an essential ingredient of the crime sought to be charged the court has no jurisdiction to convict the defendant. "No court has jurisdiction to sentence a defendant for that which is not a crime. It is the duty of the court to consider such a point of its own motion." *Commonwealth* v. *Andler,* 247 Mass. 580, 581-582 (1924). *Commonwealth* v. *Bracy, supra* at 124-126. *Commonwealth* v. *Palladino, supra.*

General Laws c. 274, § 6, provides that "[w]hoever attempts to commit a crime by doing any act toward its commission, but . . . is intercepted or prevented in its perpetration, shall . . . be punished." The essence of the crime of attempt is that the defendant has taken a "step towards a criminal offense with specific intent to commit that particular crime." Perkins, Criminal Law 552 (2d ed. 1969). It is not enough to allege that a defendant has formed the intent to commit a crime or that he has merely made preparations for the commission of a crime. *Commonwealth* v. *Peaslee,* 177 Mass. 267, 271-274 (1901). To sustain a conviction of attempt it must be proved that the defendant engaged in some overt act leading towards the commission of the crime after the preparations had been made. "The offense is made out upon proof of a general intent to commit crime, and the doing of overt acts toward its accomplishment." *Commonwealth* v. *Cline,* 213 Mass. 225 (1913). Failure to include an allegation of such an act renders the indictment insufficient to charge the defendant with the crime of attempt. See *Commonwealth* v. *McDonald,* 5 Cush. 365, 367 (1850).

The overt acts relied upon to support a charge of attempt must be alleged in the complaint charging the

crime.[1] "The necessity that the overt acts should be alleged has been taken for granted in our practice and decisions." *Commonwealth* v. *Peaslee*, 177 Mass. at 274. "A charge of an attempt should set forth in direct terms that the defendant attempted to commit the crime, and should allege the act or acts done toward its commission." *Commonwealth* v. *Gosselin*, 365 Mass. 116, 121 (1974).

In this case the complaint charging the defendant with attempted larceny of a motor vehicle made no reference to any overt act engaged in by the defendant. "The pleadings must be sufficiently definite not only to prevent the defendant from being put in jeopardy the second time but also to put him on notice of what he is charged with having done. In the instant case the accusation gives the defendant no notice of what he is charged with having done in making the attempt. The accusation seeks to charge him with an attempt to steal, and yet it contains no allegation whatever of the way in which the attempt was made." *Wilburn* v. *State*, 22 Ga. App. 613, 614 (1918). Compare *Commonwealth* v. *Bacon*, 374 Mass. 358, 359-361 (1978). It thus follows that the defendant's conviction cannot stand because he has not been charged in a complaint which gave him notice of the act he engaged in which constituted the offense of attempt. *Commonwealth* v. *Murphy*, 2 Allen 163, 164 (1861). *Commonwealth* v. *Gosselin*, 365 Mass. at 121. Accord, *State* v. *Bean*, 117 N.H. 185, 188-189 (1977).

We do not think the defendant's failure to request a bill of particulars precludes him from challenging the complaint. The purpose of a bill of particulars "is to give a defendant reasonable knowledge of the nature and character of the crime charged." *Commonwealth* v. *Iannello*, 344 Mass. 723, 726 (1962). Compare *Commonwealth* v. *Jordan*, 207 Mass. 259, 265 (1911), aff'd, 225 U.S. 167 (1912).

---

[1] The complaint here was not phrased in the form suggested by G. L. c. 277, § 79 ("Schedule of Forms of Pleadings"). Nor can it be fairly said that the complaint tracked G. L. c. 274, § 6. See *Commonwealth* v. *Hare*, 361 Mass. 263, 266 (1972).

The bill of particulars will set out in detail that which is included in the allegations of an indictment. *Commonwealth* v. *Hayes*, 311 Mass. 21, 25 (1942). It cannot, however, "enlarge the scope of an indictment to include an offense not charged therein." *Commonwealth* v. *Ries*, 337 Mass. 565, 580 (1958). We do not think it the function of a bill of particulars to supply a defendant with the knowledge of an element essential to the crime with which he has been charged. "Its only purpose is to specify more particularly the acts constituting the offense." *Commonwealth* v. *Kelley*, 184 Mass. 320, 324 (1903).

The cases relied upon by the Commonwealth are distinguishable, as there was no contention in any of those cases that the indictments failed to allege an element of the crime charged which was necessary to sustain the conviction. Compare *Commonwealth* v. *Snell*, 189 Mass. 12, 18-19 (1905); *Commonwealth* v. *McClaine*, 367 Mass. 559, 560 (1975); *Commonwealth* v. *Wainio*, 1 Mass. App. Ct. 866 (1974). There, unlike here, the indictments sufficiently set forth all the elements necessary to sustain the conviction, and the court merely held that the additional information to which the defendants were claiming they were entitled was obtainable by means of a bill of particulars. We think the failure to allege an essential element of the crime charged is substantially different.[2]

Deciding as we do, it is not necessary to reach the question whether there was sufficient evidence to support the conviction.

The judgment is reversed, the verdict is set aside, and the complaint is to be dismissed.

*So ordered.*

---

[2] The Commonwealth is free to charge the defendant in a new complaint for attempted larceny (or larceny) of a motor vehicle because he could not have been convicted on the complaint in this case, and thus has not been in jeopardy of such a conviction. *Commonwealth* v. *Roby*, 12 Pick. 496, 502 (1832). See *Commonwealth* v. *Gosselin*, 365 Mass. at 122. See also *Commonwealth* v. *Lovett*, 374 Mass. 394, 396-398 (1978).