COMMONWEALTH *vs.* JOHN GREEN.

Essex. March 2, 1987. — April 8, 1987.

Present: HENNESSEY. C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Complaint. *Indecent Assault and Battery.*

In a complaint framed under G. L. c. 265, § 113B, prior to that statute's
amendment by St. 1986, c. 187, at a time when the victim's lack of
consent was an element of the crime of indecent assault and battery on
a child under age fourteen, language charging that the defendant "[d]id
indecently assault and beat [the victim] a child under the age of fourteen
years" was sufficient to notify the defendant of the nature of the accusa-
tion, in compliance with Mass. R. Crim. P. 4 (a) and art. 12 of the
Massachusetts Declaration of Rights, even though the victim's lack of
consent was not alleged. [566-568]

COMPLAINT received and sworn to in the Salem Division of
the District Court Department on June 4, 1984.

On appeal to the jury session the case was heard by *Santo
J. Ruma,* J., on a motion to dismiss.

The Supreme Judicial Court granted a request for direct
appellate review.

*Dyanne Klein Polatin,* Assistant District Attorney, for the
Commonwealth.

*Patricia A. O'Neill,* Committee for Public Counsel Services,
for the defendant.

NOLAN, J. A District Court judge allowed the defendant's
motion to dismiss a complaint which charged him with indecent
assault and battery on a child under the age of fourteen. The
judge ordered dismissal because the complaint failed to state
a crime. The Commonwealth appealed, and we allowed the
parties' joint application for direct appellate review. We now
vacate the order of dismissal.

The relevant facts are as follows. In June, 1984, the defendant was charged with indecent assault and battery on a child under fourteen in violation of G. L. c. 265, § 13B (1984 ed.). The defendant was found guilty at a bench trial in the District Court. The defendant appealed to a jury of six session for a trial de novo and in that session moved to dismiss the complaint on the ground that it failed to state a crime. The judge allowed the motion because the complaint failed to allege the lack of consent of the victim. At the time the complaint issued, lack of consent was an element of the crime which the Commonwealth was required to prove in a prosecution for a violation of G. L. c. 265, § 13B. *Commonwealth* v. *Burke,* 390 Mass. 480, 487-488 (1983). The Legislature has since amended G. L. c. 265, § 13B, so that lack of consent is no longer an element of the crime. St. 1986, c. 187. However, since lack of consent was an element of the crime at the time the complaint issued, the defendant argues that the complaint should have alleged lack of consent. We disagree.

Article 12 of the Massachusetts Declaration of Rights states that "[n]o subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him." In order to comply with this constitutional mandate, the complaint or indictment must contain a "plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof." Mass. R. Crim. P. 4 (a), 378 Mass. 849 (1979). A complaint will not be dismissed if the offense is charged with sufficient clarity to show a violation of law and to permit the defendant to know the nature of the accusation against him. See *Commonwealth* v. *Welansky,* 316 Mass. 383, 395-396 (1944). It is not necessary for the Commonweath to set forth in the complaint or indictment every element of the crime to withstand a motion to dismiss. For example, in a complaint for larceny, it is sufficient to allege that the defendant "did steal" property. See G. L. c. 277, § 79 (1984 ed.). The elements of larceny (e.g., taking and carrying away, etc.) need not be enumerated. To say that the Commonwealth must prove lack of consent (as it must) adds nothing to the Commonwealth's pleading obligation.

In the present case, we hold that the complaint gave the defendant notice of the charge sufficient to comply with both art. 12 and Mass. R. Crim. P. 4 (a). The complaint charges that the defendant "[d]id indecently assault and beat [the victim] a child under the age of fourteen years." It would be redundant to require the complaint to charge further that the defendant assaulted and beat the victim without the victim's consent. The element of lack of consent is implicit in the legal definition of both assault and battery and indecent assault and battery. Black's Law Dictionary 105, 139, 691 (5th ed. 1979). The legal term, "indecent assault and battery," gave the defendant a "plain, concise description" of the charge against him as required by Mass. R. Crim. P. 4 (a).

We note that the language of the instant complaint is very similar to the language prescribed for an assault and battery complaint in the statutory form. G. L. c. 277, § 79 (1984 ed.).[1] The forms created by § 79 contain sufficient descriptions of the crimes listed therein. *Commonwealth* v. *Baker,* 368 Mass. 58, 77 (1975).

The defendant attempts to analogize his case to *Commonwealth* v. *Palladino,* 358 Mass. 28, 32 (1970) (complaint for possession of obscene materials insufficient because it failed to allege defendant's scienter). He also attempts to distinguish *Commonwealth* v. *Bacon,* 374 Mass. 358, 360 (1978) (indictment for possession of firearms valid despite failure to allege scienter because it gave defendant sufficient notice of the nature of the crime). Our decision in *Palladino* was limited by *Bacon, supra* at 361, and our analysis in *Bacon* controls the present dispute. In *Bacon,* we held that knowledge, even though it was an element of the crime charged, need not be alleged because the indictment gave the defendant sufficient notice of the charges against him. *Id.* at 360. In this case, as in *Bacon,* nothing would be gained by requiring the Commonwealth to make further allegations because the complaint adequately de-

---

[1] There is no statutory form for charging indecent assault and battery on a child under the age of fourteen.

scribes the charge against the defendant. Nothing more is required by the Massachusetts Constitution or Rules of Criminal Procedure. The order dismissing the complaint is vacated and the case is remanded to the District Court for further proceedings.

*So ordered.*