COMMONWEALTH *vs.* DELFINO M. FERNANDES
(and a companion case[1]).

Nos. 97-P-766 & 97-P-1698.

Plymouth. October 7, 1998. - March 15, 1999.

Present: ARMSTRONG, SMITH, BROWN, PERRETTA, & KASS, JJ.

Further appellate review granted, 430 Mass. 1102 (1999).

*Practice, Criminal,* Indictment, Fair trial, Instructions to jury. *Controlled Substances. Evidence,* Certificate of drug analysis.

An indictment alleging, in one count, the unlawful distribution of a controlled substance and, in a second count on the same page, a subsequent offense was, when both counts were read together with reference to the caption of the second count, sufficient to put the defendant on notice of the offense charged in the second count. [458-460] BROWN, J., with whom SMITH, J., joined, dissenting.

At a criminal trial, a description of the defendant as "Hispanic-looking" did not constitute catering to ethnic prejudice; and no substantial risk of a miscarriage of justice arose from the appearance of the name of the defendant, who was a suspect, on the certificate of drug analysis. [460-461]

Evidence at the trial of an indictment alleging the unlawful distribution of a controlled substance was sufficient to warrant the jury to find that the defendant facilitated the transaction, sharing the requisite intent [461-462], and the judge properly declined to instruct the jury that the defendant could not be both the purchaser and the seller of the same cocaine, where the evidence did not warrant the inference that the defendant was a purchaser [462-463].

INDICTMENTS found and returned in the Superior Court Department on June 20 and September 19, 1994, respectively.

[1]Commonwealth *vs.* Janette Johnson. The case against Fernandes was originally considered by a panel comprising Justices Armstrong, Kass, and Beck; the case against Johnson was originally heard by a panel comprising Justices Brown, Smith, and Beck. Thereafter the cases were submitted to the other justices of the Appeals Court. Following consideration by all the justices, the Chief Justice designated a panel consisting of Justices Armstrong, Brown, Perretta, Kass, and Smith to reflect the majority and minority views of the court. See Mass.R.A.P. 24(a), 365 Mass. 872 (1974).

The cases were tried before *Robert L. Steadman*, J.

*Robert P. Kidd* for Janette Johnson.

*Mary E. Mullaney*, Assistant District Attorney, for the Commonwealth.

*Gail M. McKenna*, Assistant District Attorney, for the Commonwealth, submitted a brief.

*Robert O. Berger*, for Delfino Fernandes, submitted a brief.

KASS, J. Delfino M. Fernandes was convicted under a two-count indictment, the first of which, count A, charged him with unlawful distribution of a controlled substance, cocaine (G. L. c. 94C, § 32A[c]). Count B charged a subsequent violation (G. L. c. 94C, § 32A[d]). Although Fernandes has not raised the question, we consider first the sufficiency of the repeat offense indictment because if the indictment is legally deficient, the court is without jurisdiction to try the case. *Commonwealth* v. *Palladino*, 358 Mass. 28, 31 (1970). *Commonwealth* v. *Cantres*, 405 Mass. 238, 239-240 (1989). A jurisdictional question is one which a court, including an appellate one, is duty bound to consider on its own motion at any time while direct proceedings are still pending. *Jamgochian* v. *Dierker*, 425 Mass. 565, 567 (1997). *Tardanico* v. *Aetna Life & Cas. Co.*, 41 Mass. App. Ct. 443, 444 (1996). We conclude that the repeat offender indictment, while not skillfully drawn, satisfied the minimum criteria of describing the elements of the offense and informing the accused of the nature of the crime charged. *Commonwealth* v. *Palladino*, 358 Mass. at 30-31. *Commonwealth* v. *Green*, 399 Mass. 565, 566 (1987). *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194, 195 (1979). See Mass.R.Crim.P. 4(a), 378 Mass. 849 (1979).[2]

What attracted our attention to the repeat offender count of the indictment is its exceptionally abbreviated form and, more particularly, that the form of the indictment is directly challenged in the companion case. The same form of abbreviated indictment was also the subject of challenge in a case which has been decided,[3] and a variation of the repeat offender count,

---

[2]Rule 4(a) provides that "[a]n indictment and a complaint shall contain a caption as provided by law, together with a plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof."

[3]*Commonwealth* v. *Bynum*, 43 Mass. App. Ct. 1107 (1997), entered as an unpublished memorandum and order on August 4, 1997. In that case, a panel of this court dismissed the repeat offender portion of the indictment.

substantially filled out by incorporating the language of G. L. c. 94C, § 32A(*d*), is under challenge in two additional cases on the ground that it does not declaratively say that the accused has committed the offense of distributing cocaine, having been previously convicted of a similar offense.[4] All the cases come from Plymouth County. Manifestly, the repeat offender count as it has appeared in indictments written by the office of the District Attorney manufactures appeals at a considerable clip, and we assume that office has, to borrow from computer speak, reconfigured its repeat offender indictment. The form of indictment in the case against Fernandes is prototypical and we set out the indictment exactly in the form in which it was framed:

## INDICTMENT

## UNLAWFUL DISTRIBUTION OF A CONTROLLED SUBSTANCE

## (CLASS B — COCAINE)

## GENERAL LAWS CHAPTER 94C, SECTION 32A (c)

## COUNT A

## UNLAWFUL DISTRIBUTION OF A CONTROLLED SUBSTANCE

## (CLASS B — COCAINE)

## SUBSEQUENT OFFENSE

## GENERAL LAWS CHAPTER 94C, SECTION 32A (d)

## COUNT B

At the SUPERIOR COURT, begun and holden at PLY-

---

[4]*Commonwealth* v. *Martinez* and *Commonwealth* v. *Moses*, both released this day as unpublished memoranda and orders. See *post* 1117 (1999).

MOUTH, within and for the COUNTY OF PLYMOUTH, on September 19, 1994,

THE JURORS for the Commonwealth of Massachusetts on their oath present that:

## DELFINO M. FERNANDES

of DORCHESTER in the COUNTY OF SUFFOLK, on or about AUGUST 5, 1994, at BROCKTON in the COUNTY OF PLYMOUTH, not being authorized by the provisions of Chapter 94C of the General Laws, did knowingly or intentionally manufacture, distribute, or dispense a controlled substance in *CLASS B*, to wit: COCAINE.

(See Count B)

## COUNT B

## UNLAWFUL DISTRIBUTION OF A CONTROLLED SUBSTANCE

## (CLASS B — COCAINE)

## (SUBSEQUENT OFFENSE)

## GENERAL LAWS CHAPTER 94C, SECTION 32A (d)

And the JURORS, aforesaid, for the Commonwealth of Massachusetts, on their Oath, aforesaid, do further present, That:

## DELFINO M. FERNANDES

of DORCHESTER in the COUNTY OF SUFFOLK, the said DELFINO M. FERNANDES having been previously convicted of a similar offense.

## A TRUE BILL

The arguable flaw in count B of the indictment is that it does not, within the corners of count B, restate the substantive offense which the accused had previously committed, namely, unlawful distribution of a controlled substance. That failure, as we understand the position of those who challenge the form of

count B, fails to describe the nature of the crime and leaves the accused uninformed of what similar offense he is charged with having been convicted.

Courts do not examine indictments or complaints with the indulgence granted to notice pleading, but neither do they apply to the process the literalness associated with Baron Parke. See *Sterilite Corp.* v. *Continental Cas. Co.*, 17 Mass. App. Ct. 316, 319 (1983). Here, a reader of count B of the indictment would require practiced obtuseness not to understand the nature of the offense charged.

First, there is the caption. It speaks of unlawful distribution of a controlled substance (class B — cocaine) and sets forth the statute violated, G. L. c. 94C, § 32A(*d*). That statute announces as a separate crime, conviction "of violating the provisions of subsection (c) [which includes unlawful distribution of cocaine] after one or more convictions of manufacturing, distributing, dispensing or possessing with the intent to manufacture, distribute, or dispense a controlled substance . . . or of any offense of any other jurisdiction . . . which is the same as or necessarily includes, the elements of said offense . . . ." The caption also tells us this is a subsequent offense. The caption of an indictment, we are told by the defendant Johnson, does not carry the indictment. Under rule 4(a) of the Massachusetts Rules of Criminal Procedure, an indictment must contain a caption *together* "with a plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof." As, however, the rule requires a caption, that caption must have some utility, and neither the accused nor a court may simply ignore it. The caption on an indictment has been used in aid of interpreting the text of an indictment. *Commonwealth* v. *Ortiz*, 39 Mass. App. Ct. 70, 73-74 (1995). In *Commonwealth* v. *Zwickert*, 37 Mass. App. Ct. 364, 366 n.3 (1994), we said that for purposes of decision in that case we would treat the caption as irrelevant, implying that such treatment was not the norm. Were there a discordance between the caption and the text in the body of the indictment, the text would govern and supersede the caption, *Commonwealth* v. *McClaine*, 367 Mass. 559, 560 (1975); *Commonwealth* v. *Lovett*, 374 Mass. 394, 399 (1978), but there is no discordance in this case. Accordingly, we look to the caption for assistance and see that it illuminates the spare text of the indictment.

As to that substantive text, the structure of the indictment is

important. The repeat offender charge is not the subject of a separate indictment; rather it is a separate count of the same indictment. Count A charges unlawful distribution of cocaine. When count B adds, "having been previously convicted of a similar offense," there can be no doubt that it means the defendant was convicted previously of an offense similar to distribution of cocaine, and that the crime described in count A is a repeat offense. Incorporation by reference among counts in an indictment is permissible. *Blitz* v. *United States*, 153 U.S. 308, 317 (1894). *United States* v. *Caldwell*, 544 F.2d 691, 695 (4th Cir. 1976). *United States* v. *Abrahams*, 466 F. Supp. 552, 559 (D. Mass. 1978). The count B indictment, while possibly following to a fault the instruction of Mass.R.Crim.P. 4(a) to be concise, is nevertheless not a shadow indictment; it clouds nobody's mind. Indeed, when read as a whole, fairly athletic word-chopping is necessary to read the absence of a statement of a recognizable offense or confusion into the indictment. It is, perhaps, of some significance that neither the defendant Fernandes nor his counsel thought themselves uninformed or confused by the indictment. See and compare *Commonwealth* v. *Palladino*, 358 Mass. at 30-32; *Commonwealth* v. *Bacon*, 374 Mass. 358, 360 (1978); *Commonwealth* v. *Michaud*, 389 Mass. 491, 492 n.2 (1983); *Commonwealth* v. *Green*, 399 Mass. at 566-568; *Commonwealth* v. *Cantres*, 405 Mass. at 240-241; *Commonwealth* v. *Burns*, 8 Mass. App. Ct. at 195-197; *Commonwealth* v. *Lombardo*, 23 Mass. App. Ct. 1006, 1008 (1987). We conclude that count B of the indictments against Fernandes and Johnson is sufficient.

## *Other Issues in the Fernandes Case*

Description of the defendant Fernandes as Hispanic-looking did not constitute catering to ethnic prejudice. See *Commonwealth* v. *Ramos*, 31 Mass. App. Ct. 362, 365 (1991). Contrast *Commonwealth* v. *Lara*, 39 Mass. App. Ct. 546, 549-552 (1995). There was no risk, let alone a substantial one, of a miscarriage of justice because the certificate of a drug analyst from the Department of Public Health, which was admitted without objection, had the defendant's name on it. Most often, a drug analysis is made in connection with a particular case and would have the defendant's name on it as a notation of the purpose for which the analysis had been made. The appearance of the defendant's name on the certificate of analysis does not

lend itself to an inference about what the defendant had to do with the drugs analyzed. That the defendant was a suspect was a fact "the jury already knew." *Commonwealth* v. *Caceres*, 413 Mass. 749, 756 (1992).

### Other Issues in the Johnson Case

1. *Sufficiency of the evidence.* Johnson claims that the evidence was insufficient to permit a finding that she intended to distribute the drugs because it equally permitted the inference that she intended to retain them for her personal use, and that, therefore, the denial of her motion for a required finding of not guilty was error.

Viewed in the light most favorable to the prosecution, the evidence warranted the jury in finding that Trooper Jaime Collazo, working undercover with the Brockton police, was driving east on Green Street in that city at about 9:30 P.M. on May 12, 1994, when a woman (identified as the defendant), waved at him from the sidewalk. Collazo pulled over, and the defendant asked him what he was looking for. The trooper responded that he wanted a "twenty," a street term for a package of crack cocaine costing twenty dollars. The defendant then entered Collazo's vehicle, on the passenger side, and instructed the trooper to proceed down the street. Collazo drove to 26 Green Street, where the defendant told him to stop. Another woman (subsequently identified as Pamela Starks) was standing on the sidewalk, and that person approached the vehicle and asked the occupants what they were looking for. The defendant replied, "We want a [twenty]." According to the trooper, Starks pulled a plastic bag from her right pocket and gave it to Collazo in exchange for a marked twenty dollar bill. The defendant then got out of Collazo's car, and Collazo pulled away from the curb. In his rear view mirror, Collazo observed the defendant and Starks standing side by side in front of 26 Green Street.

On this evidence, it is a reasonable inference that the defendant had knowledge that Starks was selling cocaine to Trooper Collazo. It was the defendant who initially asked Collazo what he needed, and that conversation led directly to the eventual transaction with Starks. The circumstances were such that the jury could find that the defendant facilitated the transaction and that she stood by to "encourage[] or embolden[] [Starks]," and to assist if necessary. *Commonwealth* v. *Santiago*, 30 Mass. App. Ct. 207, 218 (1991). The Commonwealth's

evidence could be taken as proving that the defendant initiated the sale, directed Trooper Collazo to the locus, and placed the order for him. Shared intent is often determined by inference. *Commonwealth* v. *Murphy*, 31 Mass. App. Ct. 901, 903 (1991).

As to the defendant's reliance on the fact that no money or drugs were found on her person, the answer is that "[t]o convict on a theory of accessorial responsibility, it is not necessary to show that the defendant [her]self possessed the narcotics, either actually or constructively." *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 499 (1991). The denial of the defendant's motion for a required finding of not guilty was correct.

2. *Refusal of jury instruction.* At the close of the evidence, the defendant requested that the judge instruct the jury "that a person cannot be the purchaser of narcotics and share in the same joint venture to sell those narcotics," more particularly, that she "could not be the purchaser of narcotics from Pam Starks and working in joint venture with Pamela Starks." The defendant also observes that both she and Trooper Collazo testified that she told Starks, *"we* want a twenty" (emphasis supplied). The judge refused the instruction, observing that there was no evidence that the defendant was a purchaser.

The Commonwealth does not raise in this court a procedural bar to our consideration of the claim on the basis that there may have been no formal objection to the absence of the so-called *Swiderski* instruction.[5] See *United States* v. *Swiderski*, 548 F.2d 445 (2d Cir. 1977). The defendant relies on her testimony at trial in which she stated that she was an addict and that she thought her needs would be fulfilled; more particularly, that Trooper Collazo suggested that she enter his vehicle, and that he told her, "I will take care of you, I will give you some."

There was no abuse of discretion in the judge's refusal to give the requested instruction. At most, the circumstances may have been that the defendant hoped to receive a cut of the cocaine from Collazo, as she testified. This is not to say, however, that she was intended to be a copurchaser. The defendant had no money when she was arrested. On the evidence, the defendant facilitated the transaction, acting as a link in the chain of distribution. The circumstances were not such that the cocaine was simultaneously and jointly acquired

---

[5]Defense counsel's response, when the judge indicated that he would not give the instruction, was, "Okay."

for personal use. See *Commonwealth* v. *Johnson*, 413 Mass. 598, 605 (1992).

In both cases, the judgments are affirmed.

*So ordered.*

BROWN, J. (dissenting, with whom Smith, J., joins). I am obliged to dissent. This court should not endorse or support laxity in criminal pleading, particularly where, as here, it is not onerous to set forth the prior offenses with specificity. By blessing this careless practice, we have taken the first step down that proverbial "slippery slope."

The indictment against the defendant Johnson was divided into three counts: (1) count A charged her with distribution of cocaine, G. L. c. 94C, § 32A(*c*); (2) count B charged her with committing that offense as a repeat offender, G. L. c. 94C, § 32A(*d*); and (3) count C charged her with committing that offense within one thousand feet of a school zone, G. L. c. 94C, § 32J.

Missing from the body of the indictment is any reference to the commission of a further offense (presumably the violation of G. L. c. 94C, § 32A[*c*]), set out in count A of the indictment, an essential — if not the defining — element of G. L. c. 94C, § 32A(*d*). An indictment must describe the offense charged "with sufficient clarity to show a violation of law and to permit the defendant to know the nature of the accusation against him." *Commonwealth* v. *Green*, 399 Mass. 565, 566 (1987). The defendant did not move to dismiss the indictment at trial.

In an effort to salvage the indictment here, the Commonwealth argues that count B incorporates by reference count A by the line "AND the jurors, aforesaid for the Commonwealth of Massachusetts on their oath, do *further* present," and that anyone reading the indictment will understand that they must refer to count A. There is, however, nothing on the face of count B (which has its own caption and appears in a separate page from count A) pointing to such importation. We note that while the school zone count also relied on count A as an

underlying offense,[1] the portion of the indictment relating to that charge set out the facts of that offense anew, suggesting that rather than an inference of incorporation, there was a failure of incorporation as to count B.

The Commonwealth also maintains that because the caption for count B appears on the first page of the indictment with count A and is separated from the body of the indictment by a horizontal line, the defendant effectively received notice of the crime she was alleged to have committed and that the indictment was therefore sufficient. However, there is no support for the proposition that mere reference in a caption to the specific statutory violation charged can fill material gaps in the description of the offense in the body of an indictment. See *Commonwealth* v. *Zwickert*, 37 Mass. App. Ct. 364, 366 n.3 (1994). To the contrary, Mass.R.Crim.P. 4(a), 378 Mass. 849 (1979), provides that "[a]n indictment and a complaint shall contain a caption provided by law, *together* with a plain, concise description of the act which constitutes the crime . . ." (emphasis supplied). See in this regard District Court Complaint Language Manual 182 (May 1995). Even if the defendant had actual notice of the charge by virtue of a statutory reference in the caption, the indictment would still be defective if it did not describe a violation of the law in its body. See *Commonwealth* v. *Cantres*, 405 Mass. 238, 239-240 (1989). See also *Commonwealth* v. *Crossley*, 162 Mass. 515, 516 (1895) (each count of an indictment must be complete in itself). The allegation of a violation of G. L. c. 94C, § 32A(*c*), is essential for a conviction under G. L. c. 94C, § 32A(*d*). The failure to allege this element of the

---

[1]Count C consists of the following:

"UNLAWFUL DISTRIBUTION OF A CONTROLLED SUBSTANCE
DRUG FREE SCHOOL ZONE
(CLASS B - COCAINE)
GENERAL LAWS CHAPTER 94C, SECTION 32J

And the jurors, aforesaid, for the Commonwealth of Massachusetts, on their oath, aforesaid, do further present, That:

JANETTE JOHNSON

of BROCKTON in the COUNTY OF PLYMOUTH, on or about May 12, 1994, at Brockton in the COUNTY OF PLYMOUTH, not being authorized by the provisions of Chapter 94C of the General Laws, and within one thousand feet of school property, did knowingly or intentionally manufacture, distribute, or dispense a controlled substance in *Class B*, to wit: COCAINE."

offense renders the indictment fatally defective. Moreover, there is no identification of the prior crime of which she had been convicted.[2]

In both cases, since the indictment as to count B failed to state a crime, the judgment entered in connection with that charge should be viewed as a nullity as the court was without jurisdiction to entertain it. Jeopardy, however, would not attach, and the defendants could be retried upon proper indictments.[3] *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194, 198 n.2 (1979).

To recapitulate, I cannot accept the majority's willingness to accept shoddy work from the Commonwealth in circumstances where (a) not much is asked for than simply "to do it right the first time," and (b) no prejudice would redound to the Commonwealth (i.e., the culprit will go free). If our courts do not insist that prosecutors do their job correctly, we will be encouraging more of the same.

[2]The Commonwealth's reliance on *Commonwealth* v. *Ortiz*, 39 Mass. App. Ct. 70, 73-74 (1995), is not persuasive. While the court there looked to the caption of the indictment to help resolve a possible ambiguity as to the precise subsection of G. L. c. 94C, § 32A, there was no question that the body of the indictment charged a crime.

[3]Dismissal of the repeat offender portion of the indictments simply will require the Commonwealth to obtain new indictments and, at a subsequent trial, prove that the defendants (1) previously had been convicted of a qualifying offense, and (2) were convicted of the charge specified in count A of the indictments.