COMMONWEALTH *VS.* DELFINO M. FERNANDES
(and five consolidated cases[1]).

Hampden. Plymouth. November 1, 1999. - December 30, 1999.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, & COWIN, JJ.

*Practice, Criminal,* Indictment, Sentence. *Constitutional Law,* Indictment. *Controlled Substances.*

Indictments charging defendants as repeat offenders under G. L. c. 94C, § 32A (*d*), were not deficient for failure to set forth the particulars of the current offenses, under the holding of *Bynum* v. *Commonwealth,* 429 Mass. 705, 708-709 (1999) [519-521], nor were the indictments defective for failure to describe with particularity the prior convictions on which the repeat-offender charges were based, where they provided sufficient notice of the nature and character of the prior convictions [521-523].

INDICTMENTS found and returned in the Superior Court Department on June 20 and September 19, 1994, respectively.

The cases were tried before *Robert L. Steadman,* J.

INDICTMENTS found and returned in the Superior Court Department on November 1, 1994, and May 28, 1996, respectively.

Motions to dismiss were heard by *Patrick F. Brady,* J., and the cases were tried before him.

INDICTMENT found and returned in the Superior Court Department on May 6, 1996.

The case was tried before *Richard J. Chin,* J.

INDICTMENT found and returned in the Superior Court Department on November 5, 1996.

The case was tried before *Regina L. Quinlan,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brownlow M. Speer,* Committee for Public Counsel Services (*Benjamin Keehn & Patricia A. O'Neill,* Committee for Public Counsel Services), for the defendants.

---

[1]Commonwealth *vs.* Adalberto Martinez. Commonwealth *vs.* Janette Johnson. Commonwealth *vs.* Laurie B. Gray. Commonwealth *vs.* Maurice Moses. Commonwealth *vs.* Michael Ingram.

*Mary E. Mullaney & Deborah Ahlstrom*, Assistant District Attorneys, for the Commonwealth.

COWIN, J. We granted the defendants' applications for further appellate review to consider the validity of indictments charging them as repeat offenders under G. L. c. 94C, § 32A (*d*).[2] In *Commonwealth* v. *Fernandes*, 46 Mass. App. Ct. 455 (1999), the Appeals Court affirmed the rulings of a Superior Court judge that the repeat-offender indictments against Delfino M. Fernandes and Janette Johnson were legally sufficient to describe the offense and inform the accused of the nature of the crime charged. The Appeals Court issued summary orders affirming the convictions of the other four defendants who raised the identical claim decided in *Fernandes*. See 46 Mass. App. Ct. 1117, 1118 (1999). We consolidated these six cases, five from Plymouth County and one from Hampden County all of which present this same issue.[3] We conclude that the repeat-offender portions of the indictments are sufficient.

The defendants (Fernandes, Gray, Ingram, Johnson, Martinez, and Moses) were each indicted and convicted of distributing cocaine in violation of G. L. c. 94C, § 32A (*c*).[4] They were also charged and found to have committed a similar prior offense, subjecting them to a mandatory minimum sentence under the sentencing enhancement provisions of G. L. c. 94C, § 32A (*d*).[5]

On appeal, the defendants all challenge the sufficiency of that portion of the indictments charging them as repeat offenders; however, not all the defendants raised this issue at trial. Only Gray and Moses moved to dismiss the repeat-offender charge in the Superior Court. Their motions were denied. Martinez filed

[2]The repeat-offender provisions mandate minimum penalties for any person convicted of a violation after one or more prior convictions of drug distribution offenses.

[3]Fernandes, Gray, Johnson, Martinez and Moses were indicted in Plymouth County and Ingram was indicted in Hampden County.

[4]Martinez was also convicted of distributing heroin in violation of G. L. c. 94C, § 32 (*a*), and was subject to the sentence enhancement provisions of G. L. c. 94C, § 32 (*b*), for a prior heroin conviction. Gray, Ingram, and Johnson were also convicted of distributing cocaine in a school zone in violation of G. L. c. 94C, § 32J. The school zone counts are not at issue in these appeals.

[5]Fernandes, Gray, Ingram, Johnson, and Moses waived their statutory right to a jury trial on the repeat-offender charge, see G. L. c. 278, § 11A, and were found guilty by the judge. Martinez pleaded guilty to the repeat-offender charge after being convicted by a jury of heroin and cocaine distribution.

various discovery motions including a motion for a bill of particulars. The Commonwealth provided discovery responses. Fernandes, Ingram, Johnson, and Martinez have challenged the sufficiency of the prior offense indictment on appeal.[6]

The portion of the indictments charging the defendants as repeat offenders varies slightly. The indictments may be divided into three categories. The first category of indictments consists of an indictment with two counts, with each count on a separate sheet of paper, and with one indictment number.[7] The captions for both the prior and current offense are set forth in the heading of the first count; the first count states at the bottom: "(See COUNT B)"; the caption of the prior offense is repeated in the second count (count B); and the second count charges the defendant with "having been previously convicted of a similar offense," in the body of the second count. See Appendix A. The second category of indictments contains the caption for the prior offense only in the second count of the indictment; states within the first count "(See COUNT B)"; and repeats the statutory language of G. L. c. 94C, § 32 A (d), in the body of count B.[8] See Appendix B. The third category charges the subsequent and prior offenses in one count and tracks the statutory language of G. L. c. 94C, § 32A (d), in the body of the indictment.[9] See Appendix C. It is the content of the repeat-offender indictments that is at issue in these cases.

The defendants claim that these repeat-offender indictments are deficient because they do not comport with the requirements of art. 12 of the Massachusetts Declaration of Rights that provides "[n]o subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him . . . ." In order to comply with the constitutional mandate, an indictment must contain "a plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof." Mass. R. Crim. P. 4 (a), 378 Mass. 849 (1979). A complaint or indictment will not

---

[6]All the defendants except Fernandes raised the issue before the Appeals Court. Although Fernandes did not raise the question, the court considered it. *Commonwealth* v. *Fernandes*, 46 Mass. App. Ct. 455, 456 (1999).

[7]The indictment number appears at the top of count A.

[8]Martinez's second indictment, concerning heroin, see note 5, *supra*, referred in the body of count B to G. L. c. 94C, § 32 (b).

[9]The indictments against Fernandes, Gray, and Johnson fall within the first category. The indictments against Martinez and Moses are in the second category. Ingram's indictment comprises the third category. See Appendix.

be dismissed, however, "if the offense is charged with sufficient clarity to show a violation of law and to permit the defendant to know the nature of the accusation against him." *Commonwealth* v. *Green,* 399 Mass. 565, 566 (1987), citing *Commonwealth* v. *Welansky,* 316 Mass. 383, 395-396 (1944). "It is not necessary for the Commonwealth to set forth in the complaint or indictment every element of the crime to withstand a motion to dismiss." *Commonwealth* v. *Green, supra.*

The defendants raise two issues regarding the sufficiency of the repeat-offender counts of the indictments: (1) whether the repeat-offender counts of the indictments are adequate, despite the fact that they do not contain the particulars of the current offense[10]; and (2) whether the indictments fail to identify with specificity the prior crime of which the defendant had been convicted.

Subsequent to the decisions in these cases by the Appeals Court, we held that the repeat-offender provisions of the drug statute do not identify a freestanding crime. Rather they concern "solely the sentence of a person convicted of a [current] violation . . . who has previously been convicted of at least one similar drug offense. The prior offense is not an element of the crime for which a defendant is charged but concerns the punishment to be imposed if he is convicted . . . [of the current offense] and the prior offense is proved." (Footnote omitted.) *Bynum* v. *Commonwealth,* 429 Mass. 705, 708-709 (1999).[11]

The holding in *Bynum* is dispositive of the first issue. If the repeat-offender statutes are sentence enhancement provisions only and do not identify a freestanding crime, it is not necessary that the second offense indictment meet the requirements of an indictment that charges a separate crime. The crime has been set forth in count A; count B simply notifies the defendant of a sentence enhancement. Thus, the counts for the current offense and for the repeat offense are viewed as parts of one indictment and charge only one crime with a sentence enhance-

---

[10]This first issue does not arise in Ingram's case. One indictment charges both the current offense and the repeat offense in the same indictment. Thus, the current offense is set forth just before the prior one.

[11]The holding in *Bynum* v. *Commonwealth,* 429 Mass. 705 (1999), concerned only G. L. c. 94C, § 32A (*d*), the repeat-offender provision as to class B substances (typically cocaine). The repeat-offender provisions of the drug statutes are all identical. See, e.g., G. L. c. 94C, § 32 (*b*) (class A substances, typically heroin).

ment provision. "[A] valid indictment need not notify the defendant of the sentencing possibilities to which he is exposed except in a general way." *Commonwealth* v. *Cantres*, 405 Mass. 238, 241 (1989), citing *Commonwealth* v. *Soule*, 6 Mass. App. Ct. 973, 973-974 (1979).

The second issue raised by the defendants is whether the repeat-offender counts of the indictments,[12] were defective for failing to describe with particularity the prior convictions on which the repeat-offender charge was based. The question to be decided here is with what specificity the prior offense must be described in the indictment.[13]

The indictment against Gray, in less than a complete sentence, refers to the defendant as "having been previously convicted of a similar offense." The indictment against Moses basically tracks the statutory language stating in sum that the defendant had previously been convicted of a prior distribution offense.

The Commonwealth maintains that this language is legally sufficient as there is a mechanism by which the defendant may obtain the further specifics that are needed before trial, i.e., a request for a bill of particulars. The defendants contend that the indictments are deficient and must contain further specifics regarding the prior offenses.

In *Wilde* v. *Commonwealth*, 2 Met. 408 (1841), we set forth the standard to determine whether an indictment or an information imposing on a defendant a sentence enhancement for a prior conviction meets minimum constitutional requirements. We held that the indictment must set forth the prior convictions "with such particularity as to identify [the previous conviction], and indicate the nature and character of the offence charged, and to set forth the sentence or judgment, with so much exactness, as to show that it . . . brings the convict within the law

---

[12]In Ingram's case, again, there is only one indictment. See note 10, *supra.*

[13]Only Gray and Moses raised the issues presented in this appeal at trial. By failing to raise the issues at trial, the other defendants, Fernandes, Ingram, Johnson, and Martinez, have waived their claims. General Laws c. 277, § 47A, provides that a challenge to the sufficiency of an indictment must be raised prior to trial unless the defendant raises a claim that the court lacks jurisdiction or the indictment fails to charge an offense. As discussed *supra*, there is no lack of jurisdiction in the court and no failure to charge an offense. Accordingly, we consider the arguments of all defendants but Gray and Moses under the substantial risk of a miscarriage of justice standard. *Commonwealth* v. *Amirault*, 424 Mass. 618, 646 (1997). Because we determine that the indictments are sufficient, there is no substantial risk of a miscarriage of justice.

providing for additional punishment." *Id.* at 410. The form of the indictments before us adequately notifies the defendants of the jeopardy they face. The wording of the indictments is consistent with the objective of *Wilde*, which is to be certain that the defendant understands that the Commonwealth alleges the existence of a prior conviction that may subject the defendant to enhanced punishment.

The indictments before us either track the statutory language of the enhanced sentencing provision or charge the defendants with having committed offenses similar to the underlying offenses. All the indictments make the defendants aware of the nature and character of the prior convictions. The statutory language of the enhanced sentencing provision concerns the fact that the defendant had been convicted of a prior crime of "manufacturing, distributing or dispensing a controlled substance." G. L. c. 94C, § 32A (*d*). This language included in the indictment places a defendant on notice that the prior conviction was in the nature of a drug conviction. Those defendants charged with having committed "a similar offense" need only look to count A of the indictment to understand the nature of the charge. As we noted, a repeat-offender charge and the underlying offense are not separate crimes. Thus, the repeat-offender portion of the indictment cannot be read in isolation. When the two counts are read together, it is apparent that the repeat-offender "similar offense" language refers to a drug offense similar to the offense that constitutes the underlying charge. The defendant is on notice that the repeat-offender charge is similar in nature to the drug offense charge.

*Commonwealth* v. *Harrington*, 130 Mass. 35 (1880), is not to the contrary. There, an indictment failed entirely to set forth the prior conviction. Article 12 requires some statement regarding the prior conviction before a defendant can be subjected to an enhanced penalty. The *Harrington* case does not establish the level of specificity required with respect to the reference to the prior conviction.

In *Commonwealth* v. *Murphy*, 389 Mass. 316, 320-321 (1983), we noted that a complaint detailing a subsequent violation "should set forth any former conviction that may be relied on to justify greater punishment." In support of this proposition, we cited *Commonwealth* v. *Harrington*, *supra* at 36. *Murphy* provides no further guidance because the form of the repeat-

offender complaint was not at issue.[14] We do not read *Murphy* as imposing additional requirements for a sufficiently specific repeat-offender indictment.

The indictments at issue, although not model indictments, are sufficient to notify the defendants of the jeopardy confronting them. The better practice is for the repeat-offender portion of an indictment to specify at least the date of the prior offense and the date of the conviction and the court in which such a conviction was obtained.[15]

The specific language of the indictments before us informs each defendant that he or she is exposed to aggravated penalties because of a prior conviction of a similar offense. The repeat-offender charge is contained in a separate count (count B) of the same numbered indictment that contains count A charging unlawful distribution of cocaine.[16] There is no separate indictment number for count B. When count B states "having been previously convicted of a similar offense" and count B is part of the indictment in which count A sets forth a drug distribution offense, count B obviously refers to an offense similar to distribution of a controlled substance, and alleges that the crime described in count A is a repeat offense. As the Appeals Court stated: "Here, a reader of count B of the indictment would require practiced obtuseness not to understand the nature of the offense charged." *Commonwealth* v. *Fernandes*, 46 Mass. App. Ct. 455, 459 (1999).

*Judgments affirmed.*

---

[14]The primary issue in *Commonwealth* v. *Murphy*, 389 Mass. 316, 320 (1983), was whether the enhanced sentencing statute at issue, G. L. c. 90, § 24 (1) (*a*) (1) (operating motor vehicle while under influence), as applied to the defendant, violated either State or Federal prohibitions against ex post facto laws and complied with due process requirements.

[15]The Commonwealth indicated at oral argument that the form of the indictments used in these cases, except for the one in Hampden County, has already been changed to include the allegation of the particulars of the prior offense.

[16]In Ingram's case, it is contained within the same indictment on the same page.