COMMONWEALTH *vs.* ROBERT BARSELL.

Norfolk. March 4, 1997. - April 17, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, & MARSHALL, JJ.

*Practice, Criminal,* Sentence. *Homicide. Words,* "Solicitation."

Common law solicitation of a felony, including murder, is punishable as a
misdemeanor. [738-739, 741-742]
Survey of the cases, laws and commentary concerning the crime of criminal
solicitation. [739-741]

INDICTMENT found and returned in the Superior Court
Department on August 12, 1992.

A motion to vacate sentence was heard by *Judith A. Cowin,*
J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Robert C. Cosgrove,* Assistant District Attorney, for the
Commonwealth.

*Charles K. Stephenson* for the defendant.

FRIED, J. The Commonwealth appeals from an order of a
Superior Court judge granting the defendant's amended mo-
tion to vacate a judgment and ordering resentencing on the
ground that solicitation of a felony, here murder, is only pun-
ishable as a misdemeanor. We transferred the case to this
court on our own motion and we affirm.

I

On July 7, 1993, Barsell pleaded guilty to a charge of solic-
itation to commit murder, and received a sentence of from six
to ten years in State prison, suspended for five years. The de-
fendant moved to have the sentence vacated on the ground
that solicitation to murder is a common law misdemeanor,
and thus punishable only by a sentence to a county house of
correction. The Commonwealth asks us to vacate the decision

of the motion judge who granted Barsell's motion, and asks us to remand this case to the Superior Court with instructions to reinstate Barsell's original sentence. The Commonwealth contends that solicitation to murder is a felony under traditional common law principles, or that, in the alternative, G. L. c. 279, § 5, by providing "punishment consistent with the nature of the crime," effectively amends the common law to allow the more severe sentence in this case.

## II

The solicitation of "another to commit a felony or other aggravated offence" is an "indictable offence at common law" in Massachusetts. *Commonwealth* v. *Flagg*, 135 Mass. 545, 549 (1883). See *Commonwealth* v. *Scagliotti*, 373 Mass. 626, 627 (1977). Under the common law, the solicitation of another to commit a felony, or, as this court said in 1839, to commit a crime that "is of a high and aggravated character, tending to breaches of the peace or other great disorder and violence, being what are usually considered *mala in se* or criminal in themselves," *Commonwealth* v. *Willard*, 22 Pick. 476, 478 (1839), has been "uniformly held indictable as a misdemeanor." 2 W.R. LaFave & A.W. Scott, Substantive Criminal Law § 6.1, at 4 (1986). The offense of solicitation took its shape in the common law primarily during the nineteenth century as the result of two English cases, *Rex* v. *Higgins*, 102 Eng. Rep. 269 (1801) (soliciting a servant to steal his master's goods), and *Rex* v. *Phillips*, 102 Eng. Rep. 1365 (1805) (endeavor to "provoke and excite" another to a duel), subsequently cited with approval by this court. See *Commonwealth* v. *Willard, supra* at 478; *Commonwealth* v. *Harrington*, 3 Pick. 26, 29-30 (1825) ("exciting, encouraging, and aiding one" to keep a "bawdy-house"). Although much of our precedent grows out of charges that seem quaint and antiquated, and our texts appear on pages that have grown brittle and yellowed with the passage of time, we are not free to impose by our own pronouncement a harsher punishment than our precedents allow. *Willard* remains the last clear and valid pronouncement on the law of solicitation within this State and we are bound to follow it. The task of revising the schedule of punishments, long overdue though it may be, must be undertaken by the Legislature.

The Commonwealth seeks to dissuade us from following

our pronouncement in *Willard,* by pointing out that the precise issue facing the court at that time examined whether the law of solicitation applied to an attempt by one to induce another to violate a statute which criminalized the sale of certain "spirituous liquors." *Id.* at 477. The court held that the common law of solicitation did not apply at all in this case of an anticipated *"mala prohibita"* violation, *id.* at 478, but noted, in what the Commonwealth labels dictum, that the common law would make solicitation to commit a felony a misdemeanor. Additionally, the Commonwealth observes that *Commonwealth* v. *Flagg, supra* at 549, merely stated that solicitation to commit a felony, in that case arson, was an indictable offense and did not declare whether such offense would be punishable as a felony or a misdemeanor.

Our reading of *Willard,* however, viewing solicitation as a misdemeanor under the common law, is shared by all the contemporary commentators. See 2 W.R. LaFave & A.W. Scott, Substantive Criminal Law, *supra*; 4 C. Torcia, Wharton's Criminal Law § 713, at 511 (14th ed. 1981); R. Perkins & R.N. Boyce, Criminal Law 648 (3d ed. 1982). See also *People* v. *Shafou,* 416 Mich. 113, 144 (1982) (Levin, J., dissenting) ("[c]ommon-law solicitation, which seems to be the rule in 23 states, is a misdemeanor"); *People* v. *Werblow,* 241 N.Y. 55, 66 (1925) ("incitement to a felony" was a misdemeanor at common law); *State* v. *Lee,* 618 S.W.2d 320, 324 (Tenn. Crim. App. 1981) (in case involving solicitation to commit murder, court noted that solicitation was "merely a common law misdemeanor" until codified as a felony in 1973).[1]

Solicitation is one of the three traditional inchoate crimes: solicitation, attempt, and conspiracy. Both attempt and conspiracy have been redefined and codified as felonies pursuant to statutes enacted by the Legislature. G. L. c. 274, § 6 (penalties for attempt). G. L. c. 274, § 7 (penalties for con-

---

[1]The Commonwealth seeks to gain ground by noting that common law courts in other jurisdictions have chosen to punish solicitations to commit felonies of "great evil and danger to the public" as "high crime[s] and misdemeanor[s] rather than as . . . straight misdemeanor[s]." *State* v. *Schleifer,* 99 Conn. 432, 437 (1923), quoting *State* v. *Avery,* 7 Conn. 266, 270 (1828). While this may be so, the Commonwealth immediately acknowledges "[t]he distinction between a simple misdemeanor and a 'high crime and misdemeanor' is not one of particular currency." Nor does it change the fact that a misdemeanor, by any name, is still not a felony.

spiracy). Apart from acts of solicitation for prostitution, G. L. c. 272, § 53A, however, solicitation has not been addressed and thus remains a common law crime. Under the Model Penal Code 364, 484 (1985), solicitation to commit a crime, see § 5.02 (1), is considered a crime "of the same grade and degree as the most serious offense that is . . . solicited," § 5.05 (1), and is thus subject to the same penalty as the completed offense.[2] See R. Perkins & R.N. Boyce, *supra* at 653. The Legislature, however, has not addressed this issue. "[T]he Model Penal Code is not the law of the Commonwealth" and while our criminal law may be notably deficient in this respect, "revision . . . is for the Legislature, not this court." *Commonwealth* v. *Schnopps*, 390 Mass. 722, 726-727 n.4 (1984).

As increasing numbers of States have chosen to codify their law on solicitation, a great variety of approaches to criminal solicitation have emerged. Some States have chosen to extend statutory coverage to the solicitation of all crimes,[3] some covering only the solicitation of felonies,[4] others distinguishing between particular classes of felonies,[5] and some address-

---

[2]The Model Penal Code makes an exception for solicitations to commit a capital crime or felony of the first degree by treating such solicitations as second degree felonies. See Model Penal Code § 5.05 (1), at 484 (1985).

[3]See, e.g., Ala. Code § 13A-4-1 (1994) (criminal solicitation if a person solicits another to "engage in conduct constituting a crime"); Ariz. Rev. Stat. § 13-1002 (A) (1989) (solicitation if a person solicits another "to promote or facilitate the commission of a felony or misdemeanor"); Fla. Stat. Ann. § 777.04 (2) (West 1992 & Supp. 1997) (solicitation of another to "commit an offense prohibited by law"); N.H. Rev. Stat. Ann. § 629:2 (I) (1996) (criminal solicitation if a person solicits another to "engage in conduct constituting a crime"); N.Y. Penal Law § 100.00 (McKinney 1987) (criminal solicitation in the fifth degree if a person solicits another to "engage in conduct constituting a crime"); Tenn. Code Ann. § 39-12-102 (1991) (a person is guilty of the offense of solicitation if he solicits another to "commit a criminal offense").

[4]See, e.g., Del. Code Ann. tit. 11, § 502 (1995) (criminal solicitation in the second degree when a person solicits another to "engage in conduct constituting a felony"); N.Y. Penal Law § 100.05 (McKinney 1987) (criminal solicitation in the fourth degree when a person solicits another to "engage in conduct constituting a felony").

[5]See, e.g., Del. Code Ann. tit. 11, § 503 (1995) (criminal solicitation in the first degree when a person solicits another to "engage in conduct constituting a class A felony"); Me. Rev. Stat. Ann. tit. 17-A, § 153 (1) (West 1983) ("person is guilty of solicitation if he commands or attempts to induce an-

ing only the solicitation of statutorily specified offenses.[6] In addressing penalties, some States have chosen to treat solicitation crimes one or more levels below that of the offense solicited[7] while others follow the Model Penal Code by authorizing punishment equal to that allowed for the solicited crime.[8] 2 W.R. LaFave & A.W. Scott, *supra* at 5. This divergence among statutory schemes reinforces our judgment that this is an area that must be left to comprehensive legislation, rather than the type of ad hoc, fact-specific, case-by-case development that would result from an attempt to solve this problem through our continued reliance on common law.[9]

The Commonwealth's final argument is that the Legislature effectively amended the common law when it enacted G. L. c. 279, § 5, which states in part: "If no punishment for a crime is provided by statute, the court shall impose such sentence, according to the nature of the crime, as conforms to the common usage and practice in the commonwealth." The Commonwealth urges us to adopt the approach taken by a

other person to commit murder or a particular Class A or Class B crime"); N.Y. Penal Law § 100.13 (McKinney 1987) (criminal solicitation in the first degree when a person solicits another to "engage in conduct that would constitute a class A felony").

[6]See, e.g., Del. Code Ann. tit. 11, § 501 (1995) (criminal solicitation in the third degree when a person solicits another to "engage in conduct that would constitute [a] misdemeanor").

[7]See, e.g., Ala. Code, § 13A-4-1 (f); Ariz. Rev. Stat. § 13-1002 (B) (1989) (classifying solicitation two levels below the solicited offense); Fla. Stat. Ann. § 777.04 (4) (West 1992 & Supp. 1997); Me. Rev. Stat. Ann. 17-A, § 153 (4) (1983) (solicitation "classified as one grade less serious than the classification of the crime solicited," unless solicitation for murder which is a Class A crime); Tenn. Code Ann. § 39-12-107 (b) (1991) ("[s]olicitation is an offense two (2) classifications lower than the most serious offense solicited . . .").

[8]See, e.g., N.H. Rev. Stat. Ann. § 629:2 (IV) ("[t]he penalty for criminal solicitation is the same as that authorized for the crime that was solicited, except that in the case of solicitation of murder it is a class A felony").

[9]The Commonwealth quotes the statement in *Commonwealth* v. *Gallo*, 275 Mass. 320, 333 (1931), that this court has the ability to adapt the "general rules of the common law . . . to meet . . . new usages and practices." *Gallo* allowed the admission of a statement by a witness who had disappeared, extending the common law exception to the hearsay rule of statements by unavailable declarants. This is a very different matter from a retroactive upward revision of the maximum penalty for an offense as established by earlier precedent. The language in *Gallo* is taken from *Commonwealth* v. *Temple*, 14 Gray 69, 74 (1860), which construed a statute prohibiting the wilful and malicious obstruction of a horse railroad track.

Superior Court judge in Commonwealth *vs.* Clark, Plymouth Superior Court No. 92798 (June 16, 1993), in which the judge's memorandum of decision compared solicitation to murder to the codified crimes of "attempt, conspiracy, and accessory before the fact." The statute the Commonwealth relies on, however, does not persuade us to this conclusion. General Laws c. 279, § 5, addresses the appropriate punishment for crimes where punishment has not been designated by statute. Whether such an unfettered discretion to fix punishments after the fact accords with due process we need not decide, for this statute does not address the designation, misdemeanor or felony, of the crime itself. Where our existing law denotes a crime as a misdemeanor, the issue of punishment is clear. By statute, misdemeanors are not punishable by imprisonment in a State prison. G. L. c. 274, § 1. *Commonwealth* v. *Sheeran*, 370 Mass. 82, 88 (1976).

The motion judge's order vacating the judgment and remanding this case for resentencing is affirmed.

*So ordered.*