## COMMONWEALTH *vs.* JASON SENIOR.

Worcester. February 3, 2009. - May 28, 2009.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Subornation of Perjury. Practice, Criminal,* False report, Indictment, Required finding, Argument by prosecutor.

A criminal defendant failed to demonstrate that the indictment charging him with attempted subornation of perjury was insufficient because it did not allege an overt act, as attempted subornation of perjury, in violation of G. L. c. 268, § 3, is a type of attempt crime where the crime itself and the overt act are the same. [14-16]

At a criminal trial, the evidence was sufficient to permit the jury to find the defendant guilty of attempted subornation of perjury. [16]

At a criminal trial, no substantial risk of a miscarriage of justice arose from the prosecutor's question to a defense witness, which implied that the witness had a duty to report a crime to the police, where the judge cured any problem by instructing the jury that there was no legal obligation to report the crime to the police. [16-17]

Remarks made by a prosecutor in closing argument at a criminal trial were, in the circumstances, proper responses to the defendant's attack on the credibility of a witness and expressed no personal belief in the witness's credibility. [17-18]

INDICTMENTS found and returned in the Superior Court Department on March 11, 2005.

The cases were tried before *John T. Lu,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James L. Rogal* for the defendant.

*Ellyn H. Lazar-Moore,* Assistant District Attorney, for the Commonwealth.

IRELAND, J. The defendant was convicted of attempted subornation of perjury and making a false report to police officers. He appealed, and we transferred this case from the Appeals Court on our own motion. The defendant argues that (1) the indictment charging him with attempted subornation of perjury was insuf-

ficient because it did not allege an overt act; (2) there was insufficient evidence to support his conviction of attempted subornation of perjury; (3) there was error in the cross-examination of a defense witness; and (4) the prosecutor, in his closing argument, vouched for the credibility of a witness. Because we conclude that the indictment charging attempted subornation of perjury was sufficient where the crime itself and the overt act are one and the same, and find no merit in the defendant's other claims of error, we affirm.

1. *Background.* We recite the essential facts from the trial, reserving certain details for our discussion of the issues. The defendant and some members of his family lived in Worcester, where they were neighbors of John Borghese for several years.[1] During that time, the defendant and his family became engaged in a continuing dispute with Borghese, in which the parties made a series of allegations of criminal acts against each other.

In March, 2002, Borghese was driving his car when he encountered the defendant on two occasions. Borghese first yelled threats at the defendant while the defendant was standing on Commercial Street in Worcester. A short time later, Borghese yelled at the defendant while his car was stopped behind the defendant's car at a nearby traffic light. Noah Bragg, a business associate of the defendant, was a passenger in the defendant's car. When the light changed, the defendant and Borghese drove away in different directions.

Later that day, the defendant went to the police station and reported that, shortly after their encounter on Commercial Street, Borghese had pulled alongside him at a traffic light and thrown a brick at his window, shattering it. An officer went outside with the defendant, and observed that the defendant's car had a shattered window, that there was broken glass inside the car and brick dust on the side of the car, and that the defendant had cuts on his arms and hands that appeared consistent with having been caused by broken glass. The defendant handed a brick to the officer.

Borghese was arrested and charged with two counts of assault by means of a dangerous weapon, assault and battery by means

---

[1]Borghese moved away in 2000.

of a dangerous weapon, and malicious destruction of property. At Borghese's trial, the Commonwealth called Bragg as a witness.[2] Bragg testified that Borghese had not thrown the brick through the window of the defendant's car, but that the defendant himself had thrown the brick through his car window.

The defendant was then indicted on charges of attempted subornation of perjury and making a false report to police officers. At the defendant's trial, Bragg testified that the defendant had thrown the brick through his own car window and had then put some of the broken glass on himself before going to the police station. Bragg also testified that he had three conversations with the defendant prior to testifying at Borghese's trial in which they discussed the report the defendant made to the police. In those conversations, the defendant, in essence, asked Bragg to corroborate the version of events that the defendant had given to the police. The third conversation, for which the defendant was indicted for attempted subornation of perjury, took place on the day of Borghese's trial, when Bragg met with the defendant outside the court house.

2. *Discussion.* a. *Sufficiency of the indictment.* The defendant challenges the sufficiency of the indictment that charged him with attempted subornation of perjury, arguing that it failed to allege an overt act. A challenge to the sufficiency of an indictment must be raised by a motion to dismiss prior to trial or it will be deemed waived, unless the defendant raises a claim that the court lacks jurisdiction or the indictment fails to charge an offense. See G. L. c. 277, § 47A; Mass. R. Crim. P. 13 (c) (2), as appearing in 442 Mass. 1516 (2004). Although the defendant failed to raise this claim below, we consider it because whether an indictment fails to allege a fact necessary to constitute an offense is a matter of jurisdiction. See *Commonwealth* v. *Cantres,* 405 Mass. 238, 239-240 (1989) (whether court lacks jurisdiction to entertain indictment that fails to state crime is question that may be raised at any time).

General Laws c. 277, § 44, provides that if, in an indictment that alleges attempted subornation of perjury, "it is not alleged that such perjury has been committed, an allegation of the

---

[2]Prior to trial, Bragg met with an assistant district attorney, and stated that Borghese had thrown a brick at the defendant's car.

substance of the crime with which the defendant is charged shall be sufficient."[3] The specific crime of attempted subornation of perjury is proscribed by G. L. c. 268, § 3, which states: "Whoever attempts to incite or procure another person to commit perjury, although no perjury is committed, shall be punished by imprisonment in the state prison for not more than five years or in jail for not more than one year."

Under both G. L. c. 277, § 44, and G. L. c. 268, § 3, the indictment here was sufficient where it charged the defendant with attempted subornation of perjury, stating that on a particular date in April, 2003, in Worcester, the defendant "did attempt to incite or procure another person to commit perjury, although no perjury [was] committed."[4] There is no merit to the defendant's argument that the indictment failed to allege an overt act, because attempted subornation of perjury, in violation of G. L. c. 268, § 3, is a type of attempt crime where the crime itself and the overt act are one and the same. See, e.g., *Commonwealth* v. *Sholley*, 432 Mass. 721, 724-725 (2000), cert. denied, 532 U.S. 980 (2001), and cases cited (affirming conviction pursuant to G. L. c. 275, § 2, of threatening to commit crime); *Commonwealth* v. *Barsell*, 424 Mass. 737, 738 (1997) (discussing crime of solicitation of another to commit felony or other aggravated offense).

The allegations set forth by the indictment, i.e., "did attempt to incite or procure another person to commit perjury," tracked the language of G. L. c. 268, § 3, providing sufficient clarity to show a violation of the law and permitting the defendant to know the nature of the accusation against him. See *Commonwealth* v. *Green*, 399 Mass. 565, 566 (1987). Moreover, the defendant could have sought further detail by requesting a bill of particulars by a pretrial motion. Mass. R. Crim. P. 13 (b), as

---

[3]We have also recognized that a "charge of attempt should set forth in direct terms that the defendant attempted to commit the crime, and should allege the act or acts done toward its commission." *Commonwealth* v. *Gosselin*, 365 Mass. 116, 121 (1974). *Commonwealth* v. *Peaslee*, 177 Mass. 267, 274 (1901). G. L. c. 277, § 79. The indictment here, as discussed *infra*, was sufficient.

[4]The indictment was amended, on the Commonwealth's motion and without objection, by changing the date the attempted subornation of perjury allegedly occurred.

appearing in 442 Mass. 1516 (2004). He did not do so. See G. L. c. 277, § 34 (indictment shall not be considered insufficient for lack of information that might be obtained by requiring bill of particulars).

b. *Denial of motion for required finding.* The defendant argues that the judge erred in denying his motion for a required finding of not guilty of attempted subornation of perjury, that he made at the close of the Commonwealth's case, and renewed at the close of all the evidence. In reviewing the denial of a motion for a required finding, we determine "whether the evidence, in its light most favorable to the Commonwealth . . . is sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged [beyond a reasonable doubt]." *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979), quoting *Commonwealth* v. *Sandler,* 368 Mass. 729, 740 (1975). There was no error.

Bragg testified that he observed the defendant throw a brick through his own car window, and that, on the day of Borghese's trial, the defendant asked him to corroborate that Borghese had thrown the brick at the defendant's car. This evidence was sufficient to permit the jury to find the defendant guilty of attempted subornation of perjury.[5] *Commonwealth* v. *Ortega,* 441 Mass. 170, 174 (2004), quoting *Commonwealth* v. *Martino,* 412 Mass. 267, 272 (1992) ("weight and credibility of the evidence [is] 'a matter wholly within the province of the jury' ").

c. *Cross-examination of defense witness.* The defendant's mother testified for the defense that Bragg had sought money in exchange for testifying against Borghese. On cross-examination, the prosecutor asked whether she had reported this exculpatory information to the police. She answered that she had not. The defendant objected after the witness had already answered the

---

[5]The defendant also argues that the overt act relied on by the Commonwealth, i.e., the defendant's request that Bragg corroborate the version of events he gave to the police, was insufficient to sustain a conviction pursuant to G. L. c. 268, § 3. This contention is unavailing. "When the language of a statute is plain and unambiguous, it must be given its ordinary meaning." *Commonwealth* v. *Disler,* 451 Mass. 216, 222 (2008), quoting *Commonwealth* v. *Brown,* 431 Mass. 772, 775 (2000). By its language, G. L. c. 268, § 3, requires nothing more than an attempt to procure another person to commit perjury. The defendant's request to Bragg, therefore, constituted a sufficient overt act.

question, and made no motion to strike the response. The defendant's objection was untimely. See *Commonwealth* v. *Roberts*, 433 Mass. 45, 50 n.6 (2000). Accordingly, we review the defendant's claim of error to determine whether there was a substantial risk of a miscarriage of justice. Cf. *Commonwealth* v. *Robinson*, 444 Mass. 102, 105 (2005) (no objection to jury instruction).

We have adopted the guidelines established by the Appeals Court in *Commonwealth* v. *Brown*, 11 Mass. App. Ct. 288, 296-297 (1981), for laying a foundation before challenging a defense witness on the basis of pretrial silence. *Commonwealth* v. *Gregory*, 401 Mass. 437, 444-445 (1988). Here, we need not decide whether, as the defendant argues, it was error for the judge to allow the Commonwealth to impeach the witness with her pretrial silence without having first laid a foundation in accordance with the *Brown* case. The defendant's untimely objection was made not on the basis of *Commonwealth* v. *Brown*, *supra*, but on the basis that the question implied the witness had a duty to report a crime to the police. Here, there was no substantial risk of a miscarriage of justice where the judge cured any problem by instructing the jury that there was no legal obligation to report a crime to the police.

d. *Closing argument of prosecutor.* The defendant also argues that the prosecutor improperly vouched for Bragg's credibility in his closing argument because, while discussing Bragg's testimony, he also discussed the credibility of the testimony.[6]

"A prosecutor may not assert his or her personal opinion as to the credibility of a witness or the guilt of an accused." *Commonwealth* v. *Chavis*, 415 Mass. 703, 713 (1993). "However, the prosecutor may comment on evidence developed at trial and draw inferences from such evidence." *Id.* "In addition, the prosecutor may make a fair response to an attack on the credibility of a government witness." *Id.*

Here, the defendant's closing argument sought to discredit Bragg's testimony by asking the jury to infer, from the testimony

---

[6]In particular, the defendant challenges several statements the prosecutor made: (1) the prosecutor stated that Bragg had "[come] up when [he was] under oath and [testified] in a truthful manner"; (2) the prosecutor also stated that "[Bragg] stood up and he testified in a manner that was truthful"; and (3) the prosecutor stated that Bragg had testified consistently at Borghese's trial, before the grand jury, and at the defendant's trial, and that "it is submitted to you that is because that is what the truth is."

of the defendant's mother, that Bragg had sought money in exchange for testifying against Borghese. In this context, it was proper for the prosecutor to respond to the attack on Bragg's credibility by arguing, based on Bragg's testimony, that Bragg had been truthful. Moreover, the prosecutor's statements expressed no personal belief in Bragg's credibility.[7] The argument was proper.

3. *Conclusion.* For the foregoing reasons, we affirm the convictions.

*Judgment affirmed.*

[7]In fact, the prosecutor told the jury, "[Y]ou have the ability to judge Mr. Bragg's credibility."