NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

18-P-1466                                    Appeals Court

COMMONWEALTH  vs.  JOSE MARTINEZ.

No. 18-P-1466.

Essex.    April 6, 2020. - October 2, 2020.

Present: Sullivan, Kinder, & Singh, JJ.

Cellular Telephone. Evidence. Attempt. Constitutional Law, Indictment. Practice, Criminal, Indictment, Required finding.

Indictment found and returned in the Superior Court Department on January 14, 2016.

The case was tried before Paul D. Wilson, J.

The case was submitted on briefs.
Thomas C. Foley for the defendant.
Helle Sachse, Special Assistant District Attorney, for the Commonwealth.

SULLIVAN, J.  After a jury trial, the defendant, Jose Martinez, was convicted of attempting to conceal or destroy evidence with the intent to interfere with an official proceeding. See G. L. c. 268, § 13E (b). On appeal, he contends that the indictment charging him with that crime was

defective and that the evidence presented at trial was insufficient to support his conviction.  We affirm.

Background.  At the time of the initial indictments, the defendant was a court officer working in the Lawrence Division of the District Court Department.  He was indicted, as relevant here, on eleven separate counts of rape, assault with intent to rape, and indecent assault and battery on a person age fourteen or over.[1]  See G. L. c. 265, § 22 (b), § 24, § 13H.  Eight months later, the defendant was indicted on the charge of attempting to conceal or destroy evidence (hereafter, we refer to this as the indictment).  Following a jury trial, the defendant was acquitted of the underlying charges but convicted of attempting to conceal or destroy evidence in an official proceeding.

At trial, a fellow court officer testified that after receiving a sexual assault complaint against the defendant from a woman in custody, and after the defendant was arraigned on the underlying charges, the defendant called the court officer and requested that he find and "take," "smash," and "throw . . . in the river" a second cell phone that the defendant kept in the court house.  The cell phone contained pornographic images that included the defendant's penis and the breasts and vaginas of

_____

[1] We refer hereafter to the charges in these eleven indictments as the underlying charges.

unknown women.  The court officer reported the request to his superiors.  At trial, the defendant admitted that he had made the request, but denied that he harbored any intent to obstruct criminal prosecution, claiming instead that he made the request to spare his wife and children embarrassment.

Discussion.  1.  The indictment.  The defendant contends, for the first time on appeal, that because the indictment did not allege an overt act, it was facially defective.  "Although a challenge to the sufficiency of an indictment ordinarily is deemed waived unless raised by a motion to dismiss prior to trial, whether an indictment fails to allege an offense is a matter of jurisdiction, which may be raised at any time." Commonwealth v. Garrett, 473 Mass. 257, 264 (2015).

An overt act is an essential element of the crime of attempt.  See Commonwealth v. LaBrie, 473 Mass. 754, 764 (2016) ("The elements of attempt . . . are [1] the specific intent to commit the substantive crime at issue, and [2] an overt act toward completion of the substantive crime").  See also Commonwealth v. Gosselin, 365 Mass. 116, 121 (1974) ("A charge of an attempt should set forth in direct terms that the defendant attempted to commit the crime, and should allege the act or acts done towards its commission").  The indictment,

which is set forth in full in the margin,[2] alleged that the defendant "did attempt to conceal or destroy an object, to wit: a cellphone."

The defendant maintains that the indictment is deficient because it did not place him on notice of the overt act of destruction or concealment in which he was alleged to have engaged. Specifically, the indictment did not state whether he engaged in an overt act to destroy the cell phone, and if so, whether his actions exceeded mere preparation and came close enough to completion to constitute an attempt, or whether he asked another person to do so under circumstances where the request would have been the last act the defendant needed to

---

[2] The indictment alleged as follows:

"Jose Martinez of Lawrence, in said County of Essex, on the fourth and ninth days of March, in the year of our Lord two thousand fifteen, at Lawrence in the County of Essex aforesaid did attempt to conceal or destroy an object, to wit: a cellphone, with the intent to impair its integrity or availability for use in an official proceeding involving a violation of a criminal statute, against the peace of the Commonwealth aforesaid, and contrary to the form of the statute in such case made and provided."

The indictment tracked the language of G. L. c. 268, § 13E (b), which provides:

"Whoever alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the record, document or object's integrity or availability for use in an official proceeding, whether or not the proceeding is pending at that time, shall be punished . . . ."

perform.  See Commonwealth v. Peaslee, 177 Mass. 267, 273-274

(1901).[3]

As a general rule "the absence of a required element in an

indictment does not by itself establish that a crime is not

charged, even if acquittal is required if the prosecution were

to prove only the allegations in the indictment."  Commonwealth

v. Canty, 466 Mass. 535, 548 (2013).  See Garrett, 473 Mass. at

264-265.  Under this general rule we ask whether there was "fair

notice of the crime charged, [as] [i]t is not necessary for the

Commonwealth to set forth in the complaint or indictment every

element of the crime to withstand a motion to dismiss" if the

complaint or indictment otherwise provides fair notice

(quotation and citation omitted).  Canty, supra at 547.  See

---

[3] The following example best illustrates the two types of
overt acts:

> "A mere collection and preparation of materials in a room
> for the purpose of setting fire to them, unaccompanied by
> any present intent to set the fire, would be too remote. If
> the accused intended to rely upon his own hands to the end,
> he must be shown to have had a present intent to accomplish
> the crime without much delay, and to have had this intent
> at a time and place where he was able to carry it
> out. . . .  On the other hand, if the offence is to be made
> out by showing a preparation of the room and a solicitation
> of someone else to set the fire, which solicitation if
> successful would have been the defendant's last act, the
> solicitation must be alleged as one of the overt acts."

Peaslee, 177 Mass. at 273-274.

G. L. c. 277, § 34 ("An indictment shall not be dismissed or be considered defective or insufficient if it is sufficient to enable the defendant to understand the charge and to prepare his defense; nor shall it be considered defective or insufficient for lack of any description of information which might be obtained by requiring a bill of particulars").

Under the Canty analysis, we would have no hesitation in declaring the defendant was on fair notice of the crime alleged. The indictment stated that on particular dates the defendant attempted to destroy or conceal his cell phone. It also alleged that he did so in order to avoid criminal charges, and eleven separate indictments alleging sexual assaults preceded the indictment at issue here. The indictment tracked the language of the statute, see note 1, supra, and the defendant did not question the nature of the overt act. Indeed, in a pretrial motion to dismiss (on other grounds) the defendant stated of this indictment, "[e]ssentially, the Commonwealth alleged that the defendant directed his phone to be destroyed to conceal or destroy images and information on the phone that would be used at his trial of the underlying indictments alleging rape."[4] In

---

[4] If the indictment is otherwise sufficient, in the event of uncertainty, the defendant may move for a bill of particulars. Canty, 466 Mass. at 548. See Mass. R. Crim. P. 13 (b) (1), as appearing in 442 Mass. 1516 (2004). However, a bill of particulars will not save a defective indictment. Commonwealth

these circumstances we are confident that the defendant was on actual notice of the overt act alleged.

Our cases, however, have treated attempt crimes differently, requiring that the overt act be stated with particularity in the indictment.  This requirement finds its genesis in Peaslee, in which Justice Holmes restated "the familiar rule that preparation is not an attempt."  Peaslee, 177 Mass. 272.  See id. at 274 ("The necessity that the overt acts should be alleged has been taken for granted in our practice and decisions . . .").  See, e.g., Commonwealth v. Shedd, 140 Mass. 451, 453 (1886); Commonwealth v. McLaughlin, 105 Mass 460, 463 (1870); Commonwealth v. Sherman, 105 Mass. 169, 169 (1870); Commonwealth v. McDonald, 5 Cush. 365, 366-367 (1850).

Precisely because the line between preparation and near completion has been difficult to draw, see, e.g., Commonwealth v. Bell, 455 Mass. 408, 412-413 (2009); Peaslee, 177 Mass. at 271-272, our case law has required that the Commonwealth affirmatively plead the overt act.[5]  Since Peaslee our appellate courts have uniformly held that a complaint or indictment in an

---

v. Cantres, 405 Mass. 238, 241 (1989), citing Commonwealth v. Ries, 337 Mass. 565, 580 (1958).

[5] In addition, unlike knowledge or willfulness, which are "implicit" in the indictment, cf. Commonwealth v. Green, 399 Mass. 565, 567 (1987), the overt act itself often is not.

attempt case which does not allege an overt act must be dismissed because it fails to state an offense. See Commonwealth v. Gosselin, 365 Mass 116, 121 (1974) (only completed act was charged and "[o]vert acts not alleged may not be relied upon"); Commonwealth v. Anolik, 27 Mass. App. Ct. 701, 711 (1989) (reversing conviction where indictment failed to allege overt act); Commonwealth v. Foley, 24 Mass. App. Ct. 114, 115 (1987) ("The overt act is a requirement of the attempt statute, G. L. c. 274, § 6, and the overt act relied on must be set out in the indictment or complaint"); Commonwealth v. Burns, 8 Mass. App. Ct. 194, 196-197 (1979) ("The overt acts relied upon to support a charge of attempt must be alleged in the complaint charging the crime"). See also McDonald, 5 Cush. at 367.

The tension between the general rule and the specific has not gone unnoticed, however. In Commonwealth v. Lourenco, 438 Mass. 1018, 1018 (2003), the Supreme Judicial Court questioned whether "the overt act requirement remains valid to describe fully and plainly the charge of attempt to the defendant, or if it reflects an anachronistic view of sufficient indictments and complaints." The court committed the matter to study and in the ensuing seventeen years there has been no further comment.

We therefore find ourselves in uncharted territory. The Commonwealth urges us to conclude that that indictment alleged

an overt act.  This would avoid the conundrum posed by Lourenco,
but it would be incorrect.  The indictment did not allege what
step the defendant took or asked another to take to conceal or
destroy the cell phone, or that the defendant's plans passed
beyond mere preparation to imminent concealment or destruction.
However, the crime of attempted destruction of evidence under
G. L. c. 268, § 13E (b), is an independent statutory offense,
and "is distinct from the crime of general attempt, G. L.
c. 274, § 6."  LaBrie, 473 Mass. at 760-761.  Unlike the
attempted murder indictment statute at issue in LaBrie, we have
not construed § 13E (b), and have not treated it in the same
manner as the general attempt statute.  The Legislature has not
prescribed the manner of pleading, as it has for other attempt
offenses brought under G. L. c. 274, § 6.  See G. L. c. 277,
§ 79.  While there can be no question that proof of an overt act
is required for conviction, see Canty, 466 Mass. at 548, we are
not persuaded that an inflexible particularity requirement
remains valid as applied to a statute designed to prevent the
obstruction of justice.

The Supreme Judicial Court has previously departed from a
strict application of Peaslee and Gosselin with respect to
attempts to suborn perjury.  See Commonwealth v. Senior, 454
Mass. 12, 15 (2009).  While the specific reasoning of Senior may

not be applicable here,[6] the court's willingness, where obstruction of justice was charged, to consider alternatives to strict adherence to the pleading of attempt complaints and indictments is instructive.

We conclude that with respect to complaints or indictments alleging attempt under G. L. c. 268, § 13E (b), the complaint or indictment need not allege an overt act if the indictment otherwise places the defendant on fair notice of the offense. See Canty, 466 Mass. at 548.[7] Due process under art. 12 of the Massachusetts Declaration of Rights has always been the touchstone of our cases regarding the sufficiency of

---

[6] Senior involved the attempted subornation of perjury, and a statute that bars "attempting to incite or procure another person to commit perjury." G. L. c. 277, § 44. By analogy to threats, see Commonwealth v. Sholley, 432 Mass. 721, 724-725 (2000), cert. denied, 532 U.S. 980 (2001), and solicitation, see Commonwealth v. Barsell, 424 Mass 737, 738 (1997), the court reasoned that incitement or procurement and attempt were coterminous. Senior, 454 Mass. at 15. Such congruence is not present here. Section 13E (b) prohibits attempts to destroy evidence, a criminal act which may be accomplished by defendants in a variety ways, and in circumstances where the temporal continuum between preparation and a "present intent to accomplish the crime without delay" is potentially far longer. Peaslee, 177 Mass. at 273.

[7] Article 12 of the Massachusetts Declaration of Rights states that "[n]o subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him." To accomplish this end, the complaint or indictment must contain a "plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof." Mass. R. Crim. P. 4 (a), 378 Mass. 849 (1979).

indictments, see Commonwealth v. Green, 399 Mass. 565, 566
(1987), but the integrity of the administration of justice is
the foundation of due process, without which all else founders.
Where, as here, the indictment did place the defendant on fair
notice, the preservation of the integrity of the judicial
process takes precedence.  The fair notice requirement of Canty,
supra, strikes an appropriate balance between notice of the
crime charged and preserving the integrity of the judicial
system.  The indictment here was not defective.

We emphasize the narrowness of this holding, which is
limited to cases brought under G. L. c. 268, § 13E (b).  An
attempt complaint or indictment brought under § 13E (b) must
still meet the fair notice standards in Canty, 466 Mass. at 547.
We do not depart from the rule that the overt act should be
pleaded in the complaint or indictment for attempt under § 13E
(b); a defendant should not have to file a bill of particulars
in order to find out what overt act the Commonwealth relies
upon.  A complaint or indictment under § 13E (b) that fails to
do so remains incomplete, but is not so fatally defective as to
deprive the court of jurisdiction if it otherwise provides fair
notice to the defendant.  See Canty, supra.

2.  Sufficiency of the evidence.  The defendant maintains
that the Commonwealth failed to prove that when he asked that
the cell phone be destroyed, he did so "with the intent to

impair the . . . object's integrity or availability for use in an official proceeding," and thus the trial judge erroneously denied the defendant's motion for a required finding of not guilty.  G. L. c. 268, § 13E (b).

We review to determine whether the evidence, viewed in the light most favorable to the Commonwealth, would permit a jury to find "the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Tejada, 484 Mass. 1, 2 (2020), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  The defendant claimed that he was protecting his family but "[j]urors, of course, are free to believe or disbelieve the testimony of each witness in whole or in part."  Commonwealth v. Zanetti, 454 Mass. 449, 457 (2009).  See Commonwealth v. Spinucci, 472 Mass. 872, 878 (2015).  The defendant had repeatedly shown the cell phone images to others at the court house, where his wife also worked.  Upon learning of the investigation, he lied to investigators about the existence of the cell phone, and asked a fellow employee to get rid of it. The evidence was sufficient to permit a rational jury to conclude that the defendant sought to hide or destroy the cell phone in order to hinder prosecution.  See Commonwealth v. Bonds, 445 Mass. 821, 831-832 (2006) (jury may draw inferences from conflicting testimony).  The motion for a required finding of not guilty was properly denied.

<u>Judgment affirmed</u>.