COMMONWEALTH *vs.* AHAMAD F. MGARESH.

No. 11-P-1218.

Middlesex. October 12, 2012. - February 12, 2013.

Present: CYPHER, KATZMANN, & MILKEY, JJ.

Controlled Substances. "School Zone" Statute. Practice, Criminal, Instructions to jury. Joint Enterprise. Evidence, Constructive possession, Joint venturer.

At a criminal trial, the evidence was sufficient to convict the defendant of distribution of cocaine in a school zone, where the jury could have convicted the defendant on a theory of constructive transfer, given evidence that the defendant had knowledge of the cocaine sale at issue and had the ability and intent to exercise control over the cocaine; and where the jury could have convicted the defendant on a theory of joint venture, given that the defendant knowingly participated in the crime with the intent required to commit it. [277-278]

At the trial of indictments charging the defendant with distribution of cocaine in a school zone, the judge did not err in deciding not to give a joint venture instruction to the jury, and the absence of the instruction only benefited the defendant. [278-279]

COMPLAINT received and sworn to in the Malden Division of the District Court Department on March 13, 2009.

The case was tried before *Lee G. Johnson*, J.

*Travis J. Jacobs* for the defendant.

*Alexandra Grange Watson*, Assistant District Attorney, for the Commonwealth.

CYPHER, J. A jury convicted the defendant, Ahamad F. Mgaresh, of distribution of cocaine in a school zone in violation of G. L. c. 94C, § 32A, and G. L. c. 94C, § 32J. The defendant appeals the convictions, claiming that the evidence was insufficient to support the convictions and that the judge erred in not instructing the jury on the theory of joint venture. We affirm the convictions because the jury could have found the defendant guilty on either a theory of constructive possession or joint venture liability, and there was no error in the jury instruction.

The jury could have found the following facts. An undercover police officer, Detective Grace, called the defendant and arranged to purchase $200 worth of cocaine. The detective arrived at the prearranged location and met a woman, later identified as Nancy Joseph, who indicated that she was talking on the telephone with the defendant. Joseph handed Detective Grace three plastic baggies containing a gross weight of 1.95 grams of cocaine, and Detective Grace handed Joseph $200. Joseph was arrested as she attempted to leave the location. Later, when the defendant arrived at the Everett police station to post bail for Joseph, Detective Grace, who had previously met the defendant on multiple occasions, identified him as the person he had called to arrange the cocaine purchase. While the defendant was in the lobby of the police station, the police called the telephone number that Detective Grace had called to arrange the purchase of the cocaine. The defendant immediately checked his cellular telephone (cell phone). The police officers briefly questioned the defendant and asked him for his cell phone. The police officers called the number again and verified that this was indeed the cell phone that was called by Detective Grace to arrange the cocaine purchase. The defendant was not arrested at that time, but was informed that "something may be coming in the mail for him."

*Discussion.* To sustain the denial of the defendant's motion for a required finding of not guilty, viewing the evidence in the light most favorable to the Commonwealth, there must be enough evidence to satisfy a rational trier of fact of the existence of "the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia*, 443 U.S. 307, 318-319 (1979). To prove distribution of cocaine, the Commonwealth had to establish that the defendant knowingly or intentionally distributed a class B substance. G. L. c. 94C, § 31. "Distribute" is defined as "to deliver other than by administering or dispensing a controlled substance." G. L. c. 94C, § 1, inserted by St. 1971, c. 1071, § 1. "Deliver" is defined as "to transfer, whether by actual or constructive transfer, a controlled substance from one person to another, whether or not there is an agency relationship." *Ibid.*

The jury could have convicted the defendant on a theory of

constructive transfer because there was evidence that the defendant had knowledge of the cocaine sale and had the ability and intent to exercise control over the cocaine. Detective Grace had called the defendant to arrange the purchase and Joseph delivered the cocaine at the defendant's direction. The defendant was talking on the telephone with Joseph at the time that she delivered the cocaine, which provides further evidence that the defendant maintained the ability to control the cocaine throughout the transaction. Compare *Commonwealth* v. *Fernandes,* 46 Mass. App. Ct. 455, 461-462, *S.C.,* 430 Mass. 517 (1999), cert. denied sub nom. *Martinez* v. *Massachusetts,* 530 U.S. 1281 (2000) (undercover trooper told defendant he wanted to purchase cocaine; defendant entered trooper's car and instructed him to stop by a woman, the seller, standing on sidewalk; and defendant told seller what they wanted).

The jury also heard ample evidence to warrant a conviction based on a theory of joint venture because the defendant knowingly participated in the crime "with the intent required to commit the crime." *Commonwealth* v. *Zanetti,* 454 Mass. 449, 468 (2009). The evidence showed that the defendant had arranged the specific time and location of the meeting. The defendant had established the type of narcotics and amount. Joseph referred to the defendant as her "guy," to indicate that she was acting on his behalf in making the cocaine sale, and identified him by the same alias, "Axe," that he had used while speaking to Detective Grace. In addition, the evidence showed that the defendant's cell phone was in fact the same one that was used to facilitate the conversation that arranged the cocaine purchase.

Although the Commonwealth twice requested and was denied a joint venture instruction, the defendant did not object either time. Thus, if there was error, we review to determine if there was a substantial risk of a miscarriage of justice.

There was no error in the judge's decision not to give the joint venture instruction. The judge properly instructed the jury on the elements of the offense. "[J]oint venture is neither a crime nor an element of a crime. Rather, a joint venturer is liable for his participation in the underlying substantive offense." (Footnote omitted.) *Commonwealth* v. *Fluellen,* 456 Mass. 517, 522 (2010). Even if it was error not to give the instruction, the

defendant has not demonstrated a substantial risk of a miscarriage of justice. The absence of the instruction could only have benefited the defendant. See *Commonwealth* v. *Ortiz*, 408 Mass. 463, 468-469 (1990) (where judge did not instruct jury on joint venture as to particular charge and jury convicted on that charge without reference to joint venture theory, it was highly unlikely that had jury been instructed, verdict would have been different).

*Judgments affirmed.*